STATE v. SMITH.

Opinion delivered July 6, 1903.

CONSTITUTIONAL LAW—PRIVILEGE AND IMMUNITIES.—Sand. & H. Dig.,
§ 7234, which provides that it shall be unlawful for persons not
residents of the state to herd, graze or permit to run at large any
stock whatever in any county of this state, does not conflict with
§ 2, art. 4, Const. U. S., providing that "the citizens of each state
shall be entitled to all the privileges and immunities of citizens in
the several states."

Appeal from Baxter Circuit Court.

CHARLES A. PHILLIPS, Special Judge.

Reversed.

STATEMENT BY THE COURT.

At the September term, 1902, of the Baxter circuit court, the
grand jury returned against appellee and Polk Hall the following
indictment, omitting the caption:

"The grand jury of Baxter county, in the name and by the
authority of the state of Arkansas, accuse Will Smith and Polk
Hall of the crime of violating the stock laws, committed as follows,
to-wit:   The said Will Smith and Polk Hall, in the county and
state aforesaid, on the 4th day of July, 1901, did then and there
unlawfully permit a large number of stock, to-wit, twenty-five head
of cattle, to herd, graze and run at large in said county, the said
Will Smith and Polk Hall being non-residents of this state and
residents of the state of Missouri, against the peace and dignity of
the state of Arkansas.   P. H. Crenshaw, Prosecuting Attorney."

Appellee demurred to the indictment on the grounds:   (1)
That it did not state facts sufficient to constitute a public offense.
(2)   That it did not conform to the statute.   The court sustained
the demurrer, holding the law unconstitutional, and entered judg-
ment discharging appellee, to which the state, by her prosecuting
attorney, excepted.

The state, by her prosecuting attorney, filed a motion for a
new trial, and, on its being overruled, excepted, and prayed an
appeal, which was granted.

*George W. Murphy, Attorney General,* for appellant.

Section 7234 of Sandels & Hill's Digest is constitutional. 2 Tucker, Const., 627-629; Cooley, Con. Law, 95-7; 94 U. S. 391.

HUGHES, J., (after stating the facts). The indictment in this case charges a violation of section 7234, Sandels & Hill's Digest, by the herding and grazing of cattle, and permitting them to run at large upon the lands in this state, by a non-resident, a citizen of the state of Missouri. The defendant demurred to the indictment upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the court, over the objections of the defendant, to which he excepted, filed a motion for a new trial, which the court overruled, to which the defendant excepted, and prayed an appeal to this court, which was granted.

Section 7234, Sandels & Hill's Digest, a violation of which the indictment charges, is as follows: "It shall be unlawful for a person or persons, not residents of this state, owning in part or in whole any stock whatever, to herd, graze, or permit to run at large any stock whatever in any county or counties of this state; provided, this section shall not be so construed as to prevent stock buyers from gathering up and driving such stock through any counties in this state to market."

The contention of the appellee is that this act is unconstitutional, in that it is in violation of section 2 of article 4 of the constitution of the United States.

In the case of *McCready* v. *Virginia,* 94 U. S. 391, it is said (I quote from the syllabus) that, "subject to the paramount right of navigation, the regulation of which, in relation to foreign and interstate commerce, has been granted to the United States, each state owns the bed of all tidewaters within its jurisdiction, and may appropriate them to be used by its citizens as a common for taking and cultivating fish, if navigation be not thereby obstructed," and that "the right which the citizens of the state thus acquired is a property right, and not a mere privilege or immunity of citizenship;" that "the second section of the fourth article of the Constitution which declares that 'the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states,' does not vest the citizens of one state with any interest in the common property of the citizens of another state;" and "that a law of Virginia by which only such persons as are not citizens of that

state are prohibited from planting oysters in the soil covered by her tidewaters is neither a regulation of commerce, nor a violation of any privilege or immunity of interstate citizenship."

The principle of this case is applicable to the case at bar. The state had the right to protect the lands of its citizens against trespass by citizens of another state by this act. This was but the exercise of the police power. We are of the opinion that there is in the act referred to (sec. 7234, Sand. & H. Dig.) no violation of the constitutional provision in section 2, article 4, of the constitution of the United States. The citizens of one state have no privilege or immunity that will protect them in herding, grazing or permitting stock to run at large upon lands of another of which they are non-residents, and in which lands they claim no interest, when the exercise of any such privilege is prohibited by law.

"Privileges and immunities" protected by section 2, article 4, of the constitution of the United States do not, in our opinion, include the privilege of herding, grazing or permitting stock to run at large by a citizen of another whose lands he claims no interest, it being protected by the statute of the latter state.

There is error in the judgment of the court in sustaining the demurrer to the indictment for which the judgment is reversed, and the cause is remanded with directions to the court below to proceed with the cause.