BEATTIE *v.* STATE.

Opinion delivered December 24, 1904.

NON-RESIDENT DROVERS—PERMITTING STOCK TO RUN AT LARGE.—Proof that defendant, a nonresident living near the line of this State, was in the habit of turning his cattle out of his inclosure, knowing that they would go across the line, and of coming into this State to drive them home, will not support a finding that he was guilty of permitting his stock to run at large in this State in violation of Kirby's Digest, § 7830.

Appeal from Sharp Circuit Court, Northern District.

JOHN W. MEEKS, Judge.

Reversed.

STATEMENT BY THE COURT.

George Beattie, a resident of Missouri, was arrested, tried and convicted on a charge that, being a resident of the State of Missouri, he did, in the county of Sharp and State of Arkansas, in May, 1904, herd, graze and permit to run at large about nineteen head of cattle. He was convicted, and fined $100 before a justice of the peace. He took an appeal to the circuit court, and on the trial there the circuit judge made the following findings of law and fact:

"In this case I find that the defendant, George Beattie, was a nonresident of the State of Arkansas, and was a resident of the State of Missouri; that he owned land in the latter State; that his land, or at least a part of it, had as its south line, the State line, and that his residence was in the State of Missouri about one-half of one-quarter of a mile north of the State line. The evidence further shows that he owned eighty acres of land in Arkansas. The testimony shows that he would turn his cattle out of the inclosure in Missouri, knowing that they would go across the line in the State of Arkansas; that he would go and drive them out of said State for the purpose of salting them, and

then turn them out when they would go across into Arkansas; and that this was done repeatedly during the year prior to the filing of the information herein.

"I find that if defendant turned his stock on the range in Missouri with no one to look after them, knowing that they were in the habit of going into Arkansas, and that they did go into Arkansas, he would be guilty of a violation of this statute, although he may have been in the State of Missouri during the time.

"I further find that if he thus permitted his stock to enter the State of Arkansas, and went into said State for the purpose of driving them home to be salted, and then turned them out again, he would be guilty."

The court also declared the law to be that the fact that a nonresident owned land in this State did not authorize him to herd, graze or permit his stock to run at large in this State, though he had the right to pasture them on his own land.

The court gave other instructions of law on motion of the State and defendant, but they need not be set out here, for the substance of them is contained in the above findings.

The court found that defendant was guilty, and assessed his fine at $100. Defendant appealed.

*Sam H. Davidson,* for appellant.

Restrictions to the use of common property have no application to this case. 94 U. S. 391; 84 Me. 444; 174 Mass. 29; Const. § 21, art. 2. The penal acts of one State can have no operation in another State. Cooley, Const. Lim. (7th Ed.) 176, 177; Story, Conf. L. (8th Ed.) § § 620, 621; Minor, Conf. L. § § 203, 204; 27 N. J. L. 499; 1 N. C. 44; 8 Mich. 320; 1 Root, 403; 19 Ind. 421; 28 Kan. 1; 115 Me. 421; 32 Ark. 565; 30 Ark. 41; Bish. St. Cr. § § 11, 141; 29 La. Ann. 711. In ascertaining the legislative intent in the interpretation of a statute, we may well look to the title of the act itself. 3 Wheat. 610; 1 Md. 351; Bish. St. Cr. § § 46, 82.

*George W. Murphy, Attorney General,* for appellee.

The judgment was right. 71 Ark. 480.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment convicting a nonresident defendant and assessing a fine of $100 against him for permitting his cattle to run at large in this State.

Now, it is clear that our statute on that subject does not forbid a nonresident, whose cattle have strayed or come of their own volition into this State, from driving them out again. It is equally clear that it does not subject a resident of Missouri, who turns his cattle at large in that State, to a criminal prosecution and fine if the cattle afterwards come into this State; for the Legislature of this State has no power to punish a resident of Missouri for a lawful act done in that State. Nor do we think that it would alter the case if the defendant knew, at the time he turned them at large in Missouri, that they would probably come into Arkansas; for the Legislature of this State cannot compel the residents of Missouri who live near the State line to keep their cattle in inclosed lots or fields in order to prevent them from coming into this State, and we do not think that was the intention of this statute to do so. The people of Missouri have the right to permit their cattle to run at large in that State, unless forbidden by the law of that State; and if the people of this State desire to keep such cattle from entering this State, they can do so by putting up a fence along the line between this State and Missouri or by a statute authorizing the cattle of nonresidents which stray into this State to be impounded and kept at the costs of the owners. But to undertake to arrest and fine a resident of Missouri because he does not prevent his cattle from straying into this State would be to assume a jurisdiction over the residents of that State never intended by the statute and beyond the power of the Legislature to confer.

The evidence in the case was conflicting, and some of it, if true, might have warranted a finding that the defendant was guilty, but the finding of facts by the court has evidence to support it, and, taking that as true, no crime was committed.

The judgment will therefore be reversed, and the cause remanded for a new trial.