BEATTIE v. STATE.

Opinion delivered December 16, 1905.

1. NON-RESIDENT DROVER—PERMITTING STOCK TO RUN AT LARGE.—If the cattle of a non-resident are herded or permitted to run at large in a county of this State, and he consents thereto, he is guilty of violating Kirby's Digest, § 7830; but if the cattle, without being driven or induced by any act on his part, had come into the State, and were grazing here of their own accord, the mere fact that he acquiesced or made no objection thereto would not make out a case against him under the statute. (Page 248.)

2. INSTRUCTION—WHEN NOT MISLEADING.—Where the evidence on the part of the State, if believed, called for a conviction, while, if the evidence on the part of the defendant were believed, the jury could not have convicted him under any view of the instructions, an ambiguity in one of the instructions asked by the State will not be ground for reversal. (Page 249.)

Appeal from Sharp Circuit Court; JOHN W. MEEKS, Judge; affirmed.

STATEMENT BY THE COURT.

George Beattie, a citizen and resident of Missouri, was indicted for herding, grazing and permitting his cattle to run at large in the Northern District of Sharp County.

On the trial there was evidence for the State which tended to show that the defendant had been present while his cattle were running at large in the Northern District of Sharp County, in this State, salting and looking after them; that he admitted to several of the State's witnesses that he had put his cattle on the range and intended to keep them there, which evidence tended strongly to show that defendant was guilty of the crime charged. On the other hand, defendant denied positively that he had ever herded or permitted his cattle to run at large in this State, or that he had made statements to the contrary. He testified that he resided in Missouri near the line of this State, that "he never came down into the Northern District of Sharp County for any purpose connected with the cattle, except to drive them out; that when he drove them out of Arkansas he carried them home, and put them either in the lot or pasture, and salted them. He would then turn them out in the lane in Missouri, whence they could go further into Missouri, or into Arkansas.

The court, among other instructions, gave an instruction numbered three as follows:

"You are instructed that, so long as he (meaning defendant) remains in Missouri, he cannot be punished for this offense; but, if you should find from the evidence in this case beyond a reasonable doubt that at any time within a year before this information was filed and in the Northern District of Sharp County the cattle of defendant were being herded or grazed or permitted to run at large, and he, while in Arkansas, procured, participated in or assented to the same, then it would be your duty to find him guilty."

The jury returned a verdict of guilty, and assessed his punishment at a fine of one hundred dollars. Judgment was rendered thereon, and the defendant appealed.

*Sam H. Davidson,* for appellant.

*Robert L. Rogers, Attorney General,* for appellee.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment assessing a fine against a non-resident for herding, grazing, and permitting his cattle to run at large in the Northern District of Sharp County. The evidence was amply sufficient to support the judgment, and we see nothing in the charge of the court prejudicial to the defendant, unless it be in the third instruction given by the court, which is set out in the statement of facts. That instruction told the jury that if the cattle of the defendant were being herded or grazed or permitted to run at large in this State, and he, while in Arkansas, procured, participated in or assented to the same," then it would be the duty of the jury to convict him. The only doubt about this instruction is presented by the word "assented" therein. If the cattle of defendant, without being driven or induced by any act on his part, had come into this State, and were grazing here of their own accord, we do not think that the mere fact that he acquiesced or made no objection thereto would make out a case against him, under the statute. *Beattie v. State,* 73 Ark. 428.

But, taking all the instructions together, we are of the opinion that the word "assented" was used by the court in the sense of "consented." In other words, we think that the meaning of this part of the instruction was that if the cattle of the defendant

were being herded or permitted to run at large in the county named, and he consented thereto, he was guilty. This instruction told the jury in substance that if the cattle of the defendant were herded or permitted to run at large in the district in this State named in the indictment, with the knowledge and consent of the defendant, he was guilty, and this we think was in accordance with the law. Kirby's Digest, § 7830; *Smith* v. *State,* 71 Ark. 478.

The evidence on the part of the State, if true, showed clearly that defendant was guilty, while, if the testimony of the defendant was believed, the jury could not have convicted him under any view of the instructions given by the court. For this reason, while we think the word "assented" in the instruction was not the best word to use, we do not think it was prejudicial, under the evidence in this case. There were other objections raised, but on the whole case we are of the opinion that no prejudicial error was committed.

The judgment is therefore affirmed.

ON MOTION TO REHEAR.

Opinion delivered May 21, 1905.

RIDDICK, J. Counsel for appellant insists that the evidence does not sustain the verdict. He admits that several witnesses testified that the defendant told them that he put his cattle on the range, but he contends that these witnesses do not say that he put them on the range in the Northern District of Sharp County. But the testimony of these witnesses, when taken as a whole, makes it clear that that was what they intended to state. For instance, Josiah Burson testified that he lived in the Northern District of Sharp County of this State; that defendant had 19 or 20 head of cattle, which ran on the range in that district and county. He further testified that, while the cattle were on the range in that district of Sharp County, the defendant Beattie came down there and inquired about his cattle. The witness then testified as follows: "He then at my house told me that he put said cattle in the range, and thought he had a right to put them on said range, and that he would spend five hundred or a thousand dollars before he would take them out of said range." The wit-

ness further testified: "I have seen the defendant Beattie frequently with said cattle on the range. All these things to which I have testified occurred in the Northern District of Sharp County, Arkansas."

It was clearly shown that the cattle of defendant were on the range in that district of Sharp County, and other witnesses testified to similar statements made by the defendant.

We think the jury were justified in finding from this evidence that the defendant was guilty as charged. Motion to rehear overruled.