### C. F. SULLIVAN v. STATE.

No. A-3881.    Opinion Filed Sept. 15, 1922.
(209 Pac. 181.)

' (Syllabus.) '

1.    **Animals—Statute Penalizing Owner of Stock Running at Large —Intent or Culpable Negligence.**—Under the provisions of sections 137 and 138, Rev. Laws 1910, as amended by section 2, chapter 192, Session Laws of 1917, penalizing the owners of live stock for permitting them to run at large, the law contemplates that there must be a purpose on the part of the owner to permit his stock to run at large, or such culpable negligence on the part of the owner as would indicate an indifference as to whether they were restrained or not.

2.    **Same—Owner Without Fault not Liable.**—Where, through some untoward circumstances, or through no fault of the owner, live stock escapes from a well-kept, adequate inclosure, the penal provisions of the statute do not apply.

Appeal from County Court, Love County; B. W. Jones, Judge.

C. F. Sullivan was convicted of not restraining his domestic animals, and he appeals. Reversed.

J. H. Hays, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. C. F. Sullivan, plaintiff in error, was on the 20th day of September, 1920, found guilty of the offense of not restraining his domestic animals, and his punishment was assessed at a fine of $100 and costs. From the judgment on this verdict, he appeals.

The evidence in this case shows that C. F. Sullivan was the owner of a large pasture, comprising more than a section of land in Love county, Okla., in which he kept a large number of cattle; that Sullivan did not reside at or near the pasture, but made his home in Ardmore; that one Looney Stewart was employed by Sullivan to ride after cattle and look after the pasture fences; that it was his duty at all times to keep the fences in repair, so that the cattle could not get out of the inclosure; that the pasture furnished good grazing and an abundant water supply for the cattle there kept; that the fences were in good shape at the time of the alleged offense, but that there were a number of gates, which could not be kept up because of the carelessness of people passing through; that these gates had been put in for the benefit of persons driving across the pasture, so that they would not tear down the fences to get through, as had been done prior to their being put in; that on the 15th of October, 1919, a number of cattle got through an open gate in one side of the pasture, and got into the pasture of W. F. Banks, adjoining the Sullivan pasture, and that Banks made complaint to Sullivan by letter, and to Stewart, also, about this trespass; that Sullivan came to see Banks about the matter, but Banks was not at home; that subsequently

Banks signed the complaint upon which this prosecution was instituted.

This prosecution was instituted under the provisions of section 137, R. L. 1910, and section 138, R. L. 1910, as amended by section 2, chapter 192, Session Laws of 1917. The sections are as follows:

"Every owner of swine, sheep, or goats shall restrain them, at all times and seasons of the year, from running at large; Provided, that in any county, or stock district thereof, where said animals, or any of them, are now running at large under authority of article 2, chapter 4 of the Session Laws of 1908, it shall be lawful for same to continue to run at large, unless restrained by an election held as hereafter provided in this article."

"All domestic animals, other than those mentioned in the two preceding sections, shall be, by the owner thereof, restrained, at all times and seasons of the year, from running at large, unless permitted to run at large by an election held as hereafter provided in this article: Provided, that in any county, or stock district thereof, where any of said animals are now running at large under authority of article 2, chapter 4, of the Session Laws of 1908, or section 38, article 1, chapter 1, of the Session Laws of 1903, it shall be unlawful for same to continue to run at large, unless restrained by an election held as hereafter provided in this article.

"Any person, firm, association or corporation violating the provisions of sections 1, 2 or 3 of this article, same being running sections 136, 137 and 138 of the Revised Laws of Oklahoma, 1910, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than twenty-five dollars, and each day such stock or domestic animal is permitted to run at large, shall be and constitute a separate offense; Provided further, that when a firm or association is adjudged guilty of a violation of the provision herein, the punishment shall be assessed against each member of such firm or association, and in case of a corporation, such punishment shall be assessed against the president or managing officer of such corporation."

The charging part of the information is as follows:

"That on the day and year aforesaid, and in the county and state aforesaid, the said C. F. Sullivan did not restrain his cattle from running at large, and the same trespassed on the premises of W. J. Banks, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The only instructions given by the court defining the issues were instructions Nos. 1 and 2, as follows:

"The defendant, C. F. Sullivan, is charged by information filed and presented in this court on the 15th day of October, 1919, with the offense of not restraining his domestic animals from running at large, and in this connection you are instructed that all domestic animals are prohibited by law from running at large, and that it is the duty of persons owning such animals to restrain them at all times and seasons of the year from running at large."

"You are further instructed that, if you find from all the testimony in this case beyond a reasonable doubt that the defendant, C. F. Sullivan, did on or about the 15th day of October, 1919, or within one year prior thereto, commit the crime of not restraining his domestic animals from running at large, and that the domestic animals of the said C. F. Sullivan did trespass upon the premises of W. J. Banks, it will be your duty to find the defendant guilty as charged in the information, and fix his punishment at a fine of not less than $25 for each day such domestic animals were permitted to run at large."

The Attorney General has filed a confession of error in this case, and an examination of the record by this court convinces us that the confession of error is well taken. The evidence indicates that the owner of the trespassing cattle used every reasonable means and took every precaution to keep them restrained, and that the cattle escaped through a gate left open by persons passing through the pasture, through no fault of the owner or his agents. The plaintiff in error requested the

following instructions, which were by the court refused, and exceptions allowed:

"You are instructed that the law of agency does not apply in criminal law, and if you find from the evidence in this case that the defendant, C. F. Sullivan, had and maintained a pasture in Love county, Oklahoma, and the said pasture and cattle in the same, if any, were in the charge, custody, and control of Looney Stewart, and you further find that said cattle did break out of said pasture, and were not restrained from running at large, as charged in the information, then and in that event, before you could convict the defendant herein, you must believe from the evidence beyond a reasonable doubt that C. F. Sullivan knowingly and willfully refused to keep in restraint the cattle in said pasture at the time the alleged offense was committed."

"You are instructed that, if you find from the evidence in this case that the gate to the pasture in question was left down by others than the defendant, C. F. Sullivan, and without his consent or permission, and that by reason thereof that said cattle did gain outlet from the pasture at the time of the alleged commission of the offense, then and in that event it will be your duty to return a verdict of not guilty and acquit the defendant."

Ordinarily, in cases involving a violation of police regulations, the motives and purposes of the accused are not taken into consideration; the doing of the thing prohibited alone constitutes the offense, irrespective of the motive or intent. But in this case we are convinced that the motive and intent do constitute an essential element of the offense. Considering our statutes relating to trespassing animals as a whole, in connection with the language used in the amendatory act, providing that the owner of live stock who fails to restrain the same from running at large "shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than $25, and that each day such stock or domestic animals is permitted to run at large shall be and constitute a separate

offense," it would seem that there must be a purpose on the part of the owner to permit his stock to run at large, or such culpable negligence as would indicate an indifference on his part as to whether they were restrained or not.

Suffering or permitting animals to run at large implies knowledge, consent, or willingness on the part of the owner, or such negligent conduct as is equivalent thereto; but it does not comprehend a case where, through some untoward circumstance, the owner is unable to watch or care for them in a particular instance, or where animals escape from their owner after due precaution has been taken to secure them, without fault or negligence on his part. Montgomery v. Breed, 34 Wis. 649; Beattie v. State, 77 Ark. 247, 95 S. W. 163; Collinsville v. Scanland, 58 Ill. 221; 3 Corpus Juris, 180, and cases there cited; notes and annotations, 9 Ann. Cas. 285, 286.

It is generally held, under statutes prohibiting horses and cattle from running at large, that, when they escape from their owner's inclosure without his fault or negligence, they are not at large, in the legal sense of the term. 1 R. C. L. 1150. Considering the nature of the statutes dealing with live stock running at large, and particularly the language of the statute making it a penal offense, in the light of the authorities cited above, we think it was not the intention to penalize a person whose stock escaped from a well-kept pasture without his fault or negligence.

The judgment of the trial court is reversed.

DOYLE, P. J., and MATSON, J., concur.