## HALL v. STATE.

No. A-11535.  May 21, 1952.

(245 P. 2d 132.)

R. A. Howard, Ardmore, and Rutherford H. Brett, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendant, E. G. Hall, was charged by an information filed in the county court of Carter county with the offense of permitting livestock to run at large; was tried; convicted; and pursuant to the verdict of the jury was sentenced to pay a fine of $50 and costs; and has appealed.

Three propositions are presented in the brief of defendant: First, the information was fatally defective and the court erred in overruling the demurrer presented by counsel for defendant.  Second, the court erred in overruling the demurrer of the defendant to the evidence for the reason that the proof of the state wholly failed to establish an essential element of the crime, to wit: that the animals permitted to run at large were owned by the defendant.  Third, the court erred in its instructions.

The Attorney General in open court has confessed error in connection with the three propositions above presented, and we think the confession of error is well taken.

Upon arraignment of the accused counsel for the defendant dictated a demurrer to the information in the record as follows.

"By Mr. Howard, Counsel for Defendant: Comes now the defendant and demurs to the information as filed herein for the reason that it does not state the breach of a criminal statute of this state and is wholly insufficient otherwise in that it has not been sworn to and is therefore illegal."

The county attorney thereupon made the following motion:

"By Mr. Ritter, County Attorney:  Comes now the State of Oklahoma and moves this court to allow permission for the Court Clerk to verify the information in this case.  I would like for the record to show that one D. A. Pearson swore to the information on the date of its filing and appeared in court this date and identified his signature on the information in the presence of the defendant's attorney, the County Judge, and myself, the County Attorney * * By the Court: Motion sustained."

The demurrer of the defendant was overruled and although the court gave permission to the county attorney to amend the information by verifying it, the record shows that such verification was never made and the information as it now appears in the record is unverified.

At the commencement of the trial counsel for the defendant objected to introduction of any evidence under the information as the information wholly failed to state that the accused was the owner of the domestic animals allegedly permitted to run at large, and the court overruled such objection and exception was saved by counsel for defendant.  This was error.  The statute under which the prosecution was instituted provides;

"All domestic animals shall be by the owner thereof restrained at all times and seasons of the year from running at large in the State of Oklahoma." 4 O. S. 1951 § 94.

The purpose of this statute is to penalize the owners of livestock for permitting them to run at large, and under a previous decision of this court there

must be a purpose on the part of the owner to permit his stock to run at large, or such culpable negligence on the part of the owner as would indicate an indifference as to whether they were restrained or not. Sullivan v. State, 21 Okla. Cr. 410, 209 P. 181. The allegation of ownership was one of the essential elements of the crime. Although we are liberal in the construction of informations, yet it is imperative that the essential elements of the crime be set forth, either in the terms of the statute or by words of similar import. Connard v. State, 56 Okla. Cr. 134, 35 P. 2d 278. An information charging a misdemeanor should be positively verified. 22 O. S. 1951 §303; Lloyd v. State, 42 Okla. Cr. 163, 274 P. 901.

As to the second assignment of error, the prosecuting witness, D. A. Pearson, testified that the defendant owned land on three sides of the land of the witness; that on June 21, 1950, approximately 29 hogs came under the fence from defendant's property and part of them went back under the fence later that evening and stayed. The following question and answer was then given:

"Q. Did he ever at any time admit they were his hogs in your conversations with him? A. I don't know if he positively said they were his hogs, he was seeing after them, running after them all the time.".

The defendant testified that the land joining the land of Mr. Pearson was owned by his two sons, Bill and Jimmy, and that they had owned the land for sixteen or eighteen years; that the hogs in question belonged to the boys; the oldest son had moved to Guthrie and the other son had worked for a seismograph crew in the summer of 1950 at the time the hogs got on the land of Mr. Pearson. The defendant as father of the owners of the hogs lived about two miles from the farm of his sons but he attempted to take care of the hogs while the boys were absent.

The evidence was insufficient to show ownership in the defendant, which was a material ingredient of the crime.

The court also erred in giving Instruction No. 4 in which he stated:

"You are instructed that there must be a purport on the part of the owner to permit his stock to run at large or such culpable neglect as would indicate an indifference as to whether they were restrained or not, and if you find such purport and/or neglect, then it is your duty to find the defendant guilty, and if you find from the evidence and testimony that there was no such purport or wilfull negligence on the part of the defendant in permitting the livestock in question to run at large, then you must find the defendant not guilty."

This instruction would have been proper under the decision in Sullivan v. State, supra, if the word "purpose" had been inserted in lieu of the word "purport". The word "purport" is generally used in connection with the discussion of a written instrument to show its meaning as it appears on the face of the instrument. Lacy v. State, 33 Okla. Cr. 161, 242 P. 296. It is apparent that the word "purport" was inadvertently placed in the instruction probably through typographical error as the instruction in all its other language was identical to the approved law set forth by this court in the case of Sullivan v. State, supra. The instruction as given was ambiguous and indefinite. Exception was saved to the giving of such instruction and we find that the giving of such instruction was erroneous.

For all of the foregoing reasons, the judgment and sentence of the county court of Carter county is reversed.

POWELL, J., concurs.