## D. BUFFO v. STATE.

No. A-171.   Opinion Filed December 22, 1910.

1.  **APPEAL—Case-Made—Time of Service.**  Unless the court or judge extends the time for making and serving a case preparatory to an appeal, the defendant in a criminal action has but 30 days in which to serve the same; and in such event, if the case be not served upon the county attorney within 30 days after the rendition of judgment, it will fail as a case-made.

2.  **INTOXICATING LIQUORS—Unlawful Possession—Information—Sufficiency.**  An information which alleges that the accused, had in his possession intoxicating liquor, "with the intent to sell, barter, give away and otherwise furnish, contrary to the form of the statutes," etc., and which does not charge that the accused intended to sell, barter, give away or otherwise furnish the liquor in possession, is bad on demurrer.

(Syllabus by the Court.)

*Appeal from Pittsburg County Court; R. W. Higgins, Judge.*

D. Buffo was convicted of violating the prohibitory law, and he appeals.  Reversed and remanded.

*W. J. Horton* and *R. A. Smith,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE.   The judgment appealed from herein was rendered on March 17, 1909, on which day plaintiff in error was granted 15 days to file his supersedeas bond and 60 days within which to file his petition in error and case-made in this court.   No time for making and serving a case appears to have been requested, and none was allowed by the court.   Section 6951 of Snyder's Comp. L. grants a defendant in a criminal action 30 days in which to make and serve a case upon the county attorney, and provides that the court or judge, for good cause shown, may extend the time.   The time not having been extended, however, plaintiff in error was required to serve his case upon the county attorney within 30 days from March 17, 1909.   His time expired, therefore, on April 16, 1909.   The case was not served until May

8, 1909. It therefore fails as a case-made, and cannot be considered by this court.

The purported case-made, however, contains a transcript of the record duly certified, and assignments of error predicated upon the record proper may be examined. There is but one such assignment, and that is that the court erred in overruling plaintiff in error's demurrer to the information. The information charged that the accused had in his possession "certain spirituous liquor, to wit, whisky, with the intent then and there to sell, barter; give away and otherwise furnish, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state"; and the demurrer was upon the ground that the information did not charge an offense. The demurrer should have been sustained. It is necessary that an indictment or information allege every essential element of the crime intended to be charged. This information does not state what the accused intended to sell, barter, give away, and otherwise furnish; and without alleging in some direct and certain manner that he intended to so dispose of the liquor in his possession, it charged no offense. Reversed and remanded, with directions to set aside the judgment and sustain the demurrer to the information.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.