## TODD CHEEVES v. STATE.

No. A-343.    Opinion Filed April 18, 1911.

(114 Pac. 1125.)

1.    **STATUTES—Construction of Penal Statutes.** The penal laws of Oklahoma are liberally construed to reach and destroy the evils at which they are aimed.

2.    **INDICTMENT AND INFORMATION—Allegation and Proof of Facts.** The facts necessary to constitute an offense must be charged in an information or indictment and proven upon the

trial. A failure to do either of these things will be fatal to a conviction.

3.    **GAMING—Definition.** Gaming includes all contests of strength, skill, or chance, between men or beasts, upon the result of which a wager is laid.

4.    **INDICTMENT AND INFORMATION—Public Sport—Information—Conclusion of Law.** To charge in an information or indictment that a defendant has committed an offense by assisting in a public sport on the Sabbath, without alleging such facts as are necessary to show that the acts in which the defendant assisted did constitute a public sport, does not do more than charge a conclusion of law, and a demurrer to an information containing such charge should be sustained.

5.    **SUNDAY—Public Sports—Base Ball.** A game of baseball played on the Sabbath where an admittance fee is charged to witness such game fixes the character of such game as a public sport, and all who engage or take part in it are liable to prosecution and conviction under the law.

(Syllabus by the Court.)

*Appeal from Stephens County Court; W. H. Admire, Judge.*

Todd Cheeves was convicted of assisting in a public sport on the Sabbath day, and appeals. Reversed.

*Gilbert & Bond,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, Presiding Judge. The charging part of the information in this case is as follows:

"Did then and there, on the Sabbath, or Lord's day, engage in a game of baseball, which was played by and between the Duncan Baseball Team, and the Rush Springs Baseball Team, the said Todd Cheeves then and there acting in the capacity of umpire for the respective teams, so engaged in said game of baseball, the same being then and there a public sport."

Defendant filed a demurrer to this information upon the ground that it did not state facts sufficient to constitute a violation of the laws of the state of Oklahoma. Section 2060 of Snyder's Comp. Laws Okla. 1909 is as follows:

"The following are the acts forbidden to be done on the first day of the week, the doing of any of which is Sabbath-breaking. 1st. Servile labor. 2nd. Public sports. 3rd. Trades, manufactures

and mechanical employments. 4th. Public traffic. 5th. Serving process, unless authorized by law so to do."

Section 2063 of Snyder's Comp. Laws Okla. 1909 is as follows:

"All shooting, sporting, horse racing, gaming or other public sports, upon the first day of the week, are prohibited."

Section 2067 of Snyder's Comp. Laws Okla. 1909 is as follows:

"Every person guilty of Sabbath-breaking is punishable by a fine of one dollar for each offense."

As these different statutes cover the same ground and include the same acts, they must all be construed together and in harmony with each other. It is contended in the brief of counsel for appellant that, as these are penal statutes, they must be strictly construed. We cannot agree with this contention. In fact, we are forbidden to construe penal statutes strictly by an express provision of our own statutes. Section 2027 of Snyder's Comp. Laws Okla. 1909 is as follows:

"The rule of common law that penal statutes are to be strictly construed, has no application to this code. All of its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice."

Under this statute, we are required to construe the penal statutes of this state liberally, according to the fair import of their terms, and with a view to effect their objects and to promote justice, and whenever we can reasonably do so we will give each statute such a construction as will enable it to reach and destroy the evil at which it is aimed.

The offense attempted to be charged in the information cannot come under the term of gaming used in section 2063 of Snyder's Comp. Laws Okla. 1909, because gaming has a clearly defined legal meaning. It means all contests of chance, strength or skill, between men or beasts, upon the result of which a wager is laid. The information does not contain allegations of these facts. As far as the question now before us is concerned, it is evident that any public sport participated in on the first day of the week is Sabbath breaking within the meaning of the statutes

above quoted. It is also equally clear that it was not the intention of the Legislature to prohibit all kinds of sports on the Sabbath, but that the provisions of the law are aimed only at all public sports participated in on the Sabbath, and that it was not the intention of the lawmaking power to include private sports therein. It makes no difference what may be the individual views of the members of this court upon this subject, we would violate our official oaths and be recreant to our duty if we included private sports within the inhibition of the law, when the Legislature has clearly manifested the intention to exclude them therefrom. We have no lawmaking power. Our entire duty is done when we see that the intention of the Legislature is carried into effect. The line of demarcation between private sports and public sports is clear. Private sports are those which are engaged in for the entertainment and pleasure of those who participate therein. Public sports are those which are engaged in for the entertainment and pleasure of the public. Because other persons than those engaged in a private sport may be entertained thereby would not bring such private sport within the meaning of the law. As the law does not make private sports an offense against the statutes, but confines its penalties to those who engage in public sports, a line of demarcation must exist which will distinguish public sports from private sports. In order to constitute a public sport, it must have been given for the entertainment of the public, which is evidenced by the fact that it is paid for by the public. We therefore hold that, when a game of baseball is played on the first day of the week and an admittance fee is charged for witnessing the game, this fixes the character of such game as a public sport, and all who engage or take part in it are liable to prosecution and conviction under the law.

The information in this case failing to allege that the game alleged to have been played was a contest of strength, skill, or chance between men upon the result of which a wager was laid, or that an admission fee was charged the public to witness such game, it fails to state facts which are necessary to constitute a

violation of the law. The facts necessary to constitute an offense must be charged in an indictment or information and proven upon the trial. A failure to do either of these things is fatal to a conviction. The demurrer to the information should have been sustained.

The attention of the Legislature is respectfully called to the statutes upon the subject of Sabbath desecration. They are loosely drawn, and the punishment is inadequate to secure their enforcement. They should either be amended or repealed. We do not like to speak disrespectfully of any legislative act, but our present laws upon the subject of Sabbath breaking are a miserable farce.

The judgment of the lower court is reversed, and the cause is remanded, with directions to the trial court to sustain the demurrer to the information.

ARMSTRONG and DOYLE, JUDGES, concur.