## BILL BROWDER v. STATE.

No. A-3161.   Opinion Filed April 28, 1919.

(180 Pac. 571.)

1. **VENUE—Application for Change of Venue—Affidavits.** To entitle the defendant to a change of venue, the affidavits filed in support thereof—when affidavits are alone relied upon—must set forth facts showing that a fair and impartial trial in the trial county is improbable.

2. **APPEAL AND ERROR—Review—Change of Venue—Discretion of Trial Court.** Under the statute in this state, a change of venue rests in the discretion of the court to which such motion is made, and a refusal to grant a change of venue will not work a reversal of a case unless it be clearly shown by the defendant that the court abused its discretion in denying said motion.

3. **APPEAL AND ERROR—Improper Remarks by County Attorney —Review.** To entitle a defendant to have reviewed by this court alleged improper remarks made by a county attorney to the jury, such remarks must not only be objected to, but defendant must go further and also move the court to exclude such remarks from the jury, and to instruct the jury not to consider such remarks for any purpose.

4. **INTOXICATING LIQUORS—Possession with Intent to Sell— Second Offense—Sufficiency of Evidence.** A careful examination of the entire record in this case shows that the evidence establishes the guilt of the defendant beyond a reasonable doubt, and that no prejudicial errors occurred in the trial of the cause.

*Appeal from District Court, Stephens County;*
*Cham Jones, Judge.*

Bill Browder was convicted of a second violation of the prohibitory liquor law, and he appeals. Affirmed.

*J. B. Wilkinson* and *Bond & Kolb,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Bill Browder, hereinafter designated "defendant," was by information charged with a second violation of the prohibitory liquor laws, the second violation charged being for having in his possession 98 quarts of beer and seven quarts of whisky with intent to sell the same, convicted, and sentenced to be confined in the jail of Stephens county for a term of 90 days and to pay a fine of $200 and the costs of this prosecution, $140, and to be further confined in said jail until said fine and costs are paid as required by law. To reverse the judgment rendered, he prosecutes this appeal.

The defendant moved for a change of venue from Stephens county, upon the ground that he could not obtain a fair and impartial trial in said county, and in support of said motion filed affidavits of eight citizens of said county, to which the state did not file opposing affidavits or do anything to meet "said affidavits."

The court overruled the motion for a change of venue, and the defendant excepted.

The uncontradicted evidence in the case shows that, previous to the filing of the information in this case, the defendant had been convicted and sentenced in the county court of Stephens county for a violation of the prohibitory liquor laws of this state, and that subsequent thereto 98 quarts of beer and seven quarts of whisky were, at the time averred in the information in this case, found in the north room of the residence of the defendant, which was situated near the city of Duncan, in said Stephens county.

The defendant did not testify or offer any evidence in the case.

The foregoing being all the evidence in the case, the defendant requested the court to direct the jury to acquit. the defendant, which was overruled and exception saved.

The county attorney in his argument to the jury said:

"No one denies that this whisky was found down: there."

"No witness has denied the evidence of the state."

"What witness has testified that this whisky was kept: there for an unlawful purpose?"

To each of said statements of the county attorney to the jury, the defendant objected. The court overruled said objections, and the defendant severally excepted.

The defendant, within the time provided by law, moved for a new trial, which was overruled, and exception saved.

The first contention of the defendant is that the court erred in overruling the motion for a change of venue, and this contention we think without merit. On an application for a change of venue, the affidavits filed in support thereof must set forth the facts rendering a fair and impartial trial improbable. *Starr v. State,* 5 Okla. Cr. 440, 115 Pac. 356; *Peters v. U. S.,* 2 Okla. 116, 33 Pac. 1031.

The affidavits filed in the instant case, tested by the rule of the above-cited cases, are not sufficient. Section 5811, Revised Laws 1910, makes the granting of a change of venue discretionary with the trial court, and this court will not reverse on account of a denial of a change of venue, unless it is made to appear clearly that there has been such abuse of discretion as to amount practically to a denial of justice. *Turner v. State,* 4 Okla. Cr. 164, 111 Pac. 988; *Smith v. State,* 14 Okla. Cr. 348, 171 Pac. 341.

It is difficult to see how denying a change of venue in this case amounts to a denial of justice, as certainly no jury in any court in the state would have acquitted the defendant under the undenied evidence in this case, or been more lenient in awarding his punishment than was the jury which tried this case. If there was any prejudice in the atmosphere surrounding the trial of the instant case, it was certainly not prejudice against the defendant.

The guilt of the defendant being clearly shown by uncontradicted evidence beyond all reasonable doubt, and the defendant not interposing any defense to the crime charged, relying alone upon alleged technicalities to escape punishment for his wrongdoing, the court did not err in refusing to direct the jury to acquit the defendant.

As the defendant confesses that he did not make a motion to exclude the remarks of which he complains made by the county attorney to the jury, and we are unable to see that said remarks could not have been cured by excluding said remarks and instructing the jury not to consider the same for any purpose, we think the action of the court in overruling objections to said remarks—even if said remarks were improper, which we do not hold—was not prejudicial error.

"Counsel for a defendant must not only object to improper statements of the county attorney in his argument to the jury, but he must go further and move the court to exclude such remarks from the jury." *Sturgis v. State,* 2 Okla. Cr. 362, 102 Pac. 57.

The motion for a new trial was properly overruled. The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.