## SAM ELLISON v. STATE.

No. A-4938.   Opinion Filed Oct. 10, 1925.
(239 Pac. 678.)

Mathers & Coakley, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J., Sam Ellison, plaintiff in error, defendant in the trial court, was convicted of having illegal possession of 45 gallons of whisky. By verdict of a jury, his punishment was fixed at imprisonment in the county jail for a period of 30 days and to pay a fine of $200.

A part of the information states that—

"He (the said Sam Ellison) did then and there willfully and unlawfully have in his possession certain intoxicating liquor, to-wit, 45 gallons of whisky, with the willful and unlawful intent then and there to sell, barter, give away, and otherwise dispose of; contrary to the form of the statutes," etc.

The defendant claims that this information did not state an offense, citing in support of his contention the case of Buffo v. State, 4 Okla. Cr. 516, 113 P. 233, wherein an almost identical information was held insufficient.

Subsequent to the decision in the Buffo Case, the statute commonly known as our "harmless error" statute (section 2822, C. O. S. 1921) became effective. Construing the information in the instant case in conformity with this statute, we hold that the information was sufficient to apprise the accused of the nature of the accusation which he was required to meet.

It is next contended that part of the evidence introduced by the state was procured by an illegal search and seizure.

The record shows that a deputy sheriff stated that he made the seizure under authority of a search warrant. When interrogated as to where the search warrant was, he replied: "I don't know; Jess (probably another deputy) has it—the search warrant. I reckon he made the return on it." Upon such a showing the presumption is that the officers made the search with authority, and the burden was on the defendant to show that such was not the case.

The evidence is conclusive that the defendant had a still and a large quantity of whisky on different parts of his premises; that, so soon as he saw the officers, he and his son attempted to conceal and destroy some of the liquor.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.