## HOMER STURGIS v. STATE.

No. A-5169.   Opinion Filed Nov. 14, 1925.
(240 Pac. 750.)

J. W. Miller, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J.   From a conviction in the district court of Delaware county upon a charge of removing and disposing of mortgaged property, the plaintiff in error, hereinafter called defendant, has appealed.

The defendant contends that there is a variance be-

tween the complaint filed before the justice of the peace, and the information, in that the original complaint did not charge a removal of the property, but only a sale. The transcript of the justice of the peace holding the defendant for trial in the district court is not in the record, and we are not informed for what offense he was held. The question of variance was not raised before plea to the information and is waived. Simpson v. State, 16 Okla. Cr. 533, 185 P. 116.

The record discloses that a complaint was filed before a justice of the peace charging the defendant with selling and disposing of certain mortgaged chattels. A preliminary was waived, and the information was then filed in the district court charging that the defendant "did then and there unlawfully, willfully, sell and remove and dispose of the following described property, to wit, * * * which property was then and there and had heretofore been mortgaged to the Corner Stone Bank of South West City, Mo., the said mortgage being then and there in force and effect and unsatisfied, and that sale and removal of said property being held and consummated without the written consent of the holder of said mortgage, with the felonious and unlawful intent in him, the said Homer Sturgis, to cheat and defraud the mortgagee of said property. * * *"

The defendant demurred to the information on the ground that it failed to state an offense and failed to charge that the property was removed from Delaware county, and that it is indefinite in not charging the date and execution of the chattel mortgage, which demurrer was overruled and exceptions saved.

It will be observed also that the information is duplicitous, in that it charged both a sale of mortgaged property and a removal of mortgaged property. The question of duplicity, however, was nowhere presented to the trial court, and by common consent the case seems to have been

tried upon the theory that it charged only a removal. The instructions of the court were upon the theory that the information charged only a removal. The demurrer then presents only the question of the sufficiency of the information as charging a removal. The statute upon which the prosecution is predicated is section 2215, Comp. St. 1921, which is in part as follows:

"Any mortgagor of personal property * * * who, while such mortgage remains in force and unsatisfied * * * removes such property, or any part thereof, beyond the limits of the county * * * without the written consent of the holder of such mortgage, shall be deemed guilty of a felony. * * *"

It will be seen that the offense of removal is defined by the statute as a removal "beyond the limits of the county," and for an information to properly charge the offense it is necessary that the removal must be charged to have been beyond the limits of the county, in the terms of the statute or by words of similar import. The information before us is wholly lacking in such allegation, and is therefore insufficient. It is obvious that there might be a removal of the property from the place of its location when mortgaged to another part of the county or to another place in the county, and such removal would not be an offense under the statute. It is necessary that the indictment or information allege every essential element of the crime intended to be charged. Buffo v. State, 4 Okla. Cr. 516, 113 P. 233; Cheeves v. State, 5 Okla. Cr. 361, 114 P. 1125; Stout v. Territory, 2 Okla. Cr. 500, 103 P. 375.

For the reasons assigned, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.