## MARIE WINER v. STATE.

No. A-5746. Opinion Filed Nov. 27, 1926.
Rehearing Denied March 26, 1927.
(253 Pac. 1025.)

Pruiett & Mathers, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Houston B. Teehee, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county on a charge of having the illegal possession of narcotics, and was sentenced to pay a fine of $500 and to be imprisoned in the state penientiary for a term of two years.

The defendant was jointly charged with Henry R. Winer, her husband. A severance was had and she was tried separately. A brief statement of the evidence is: That certain officers engaged in detecting violations of the narcotic law gave a drug addict $10 in marked money and had him procure still another addict, a female, to go to the residence of defendant and her husband and buy morphine, which she did, purchasing $10 worth from the husband in the presence of defendant, who appeared to be assisting and acting as a lookout. After the purchaser left the house, she was intercepted about a block away by the officers who were in waiting, and the narcotics purchased taken from her. The officers immediately went to the residence of defendant, who was seated at a window, and, as they approached it, defendant saw the officers, arose and moved rapidly away. They entered the building,

found the defendant and her husband in the bathroom, and heard the flushing of the toilet. They rushed into the bath room where defendant was standing in front of the toilet, pushed her aside, and extracted from the bowl a package containing five cubes of morphine. The marked money was on the person of defendant's husband.

It is first contended that evidence was obtained by an illegal search, and the sufficiency of the search warrant under which the officers were acting is questioned. The record discloses that the officers acted under the authority of a search warrant and it is not affirmatively made to appear that it was invalid. Viadock v. State, 30 Okla. Cr. 374, 236 P. 56; Ellison v. State, 32 Okla. Cr. 23, 239 P. 678.

Proof of the connection of defendant with the possession of the narcotics is largely, but by no means entirely, circumstantial. It is convincing in character and sufficient to sustain the verdict and judgment.

It is next claimed that, as the offense, if committed, was in the presence of the husband, she is exonerated by reason of sections 1514-18, Comp. Stat. 1921. Sections 1514 and 1518 are as follows:

"1514. The involuntary subjection to the power of a superior which exonerates a person charged with a criminal act or omission from punishment therefor, arises either from: First: Duress; or, second, coverture."

1518. The inference of subjection arising from the fact of coverture may be rebutted by any facts showing that in committing the act charged the wife acted freely."

The evidence appearing in the record rebuts any inference arising from the fact of coverture. It is ap-

parent that defendant was not under any subjection, but acted freely.

Complaint is made of misconduct of the assistant county attorney in his closing argument. No objection appears in the record to the argument as made. This objection is not mentioned in the record, except in the motion for a new trial. This is not sufficient. Irvine v. State, 10 Okla. Cr. 4, 133 P. 259; Tucker v. State, 9 Okla. Cr. 587, 132 P. 825; Browder v. State, 16 Okla. Cr. 43, 180 P. 571; Reed v. State, 14 Okla. Cr. 651, 174 P. 800.

Some other contentions are made, but none of them require special discussion; all have had consideration.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.