## JEAN KEENEY v. STATE.

No. A-10002.   June 24, 1942.

(127 P. 2d 387.)

Burton & Harper, of Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Jean Keeney, was charged in the county court of Comanche county with the unlawful possession of intoxicating liquor; was tried, convicted and sentenced to serve 90 days in the county jail and pay a fine of $250.

It is argued that the evidence is insufficient to sustain the conviction for the reason that the defendant is a married woman and the liquor was found in her home, and the presumption is that it belonged to her husband.

The defendant did not testify and the record, as disclosed by the testimony of the officers who made the search of defendant's home, shows that her husband had been incarcerated for some period of time in the county jail. The officers found several whisky glasses and mixers and some bottles which had been recently emptied. In a hidden place in the bathroom the liquor in question, consisting of 23 pints of various assorted liquors, was found. The officers further testified that the defendant said that the intoxciating liquor was hers and that she thought she had it hidden to where the officers would not find it.

The statute on coverture, 21 O. S. 1941 § 157, sec. 1802, O. S. 1931, provides:

"A subjection sufficient to excuse from punishment may be inferred in favor of a wife from the fact of coverture whenever she committed the act charged in the presence and with the assent of her husband, * * *."

Said statute has been discussed several times by this court. In the recent case of O'Donnell v. State, 73 Okla. Cr. 1, 117 P. 2d 139, the various decisions were reviewed and said statute discussed at length. It is well settled that where the wife commits the act out of the presence of the husband and independent of him, the doctrine of subjection by reason of coverture will not apply.

It is further urged that the punishment assessed against defendant is excessive. We are inclined to agree with counsel that the ends of justice will be met by modifying the punishment which has been imposed.

It is therefore ordered that the judgment and sentence of the county court of Comanche county be reduced

from 90 days in the county jail and a $250 fine, to 30 days in the county jail and a $150 fine, and the judgment and sentence as thus modified is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.