Harry EMMONS and Minnie Emmons, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12231.

Criminal Court of Appeals of Oklahoma.

Dec. 21, 1955.

James M. Springer, Jr., Stillwater, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The plaintiffs in error, husband and wife, jointly charged and tried, were convicted of the offense of the unlawful possession of intoxicating liquor. The jury left the punishment to be fixed by the court, and the court assessed a penalty for each of 60 days confinement in the county jail, and a fine of $200. Both defendants have appealed.

Three specifications of error are set out and argued. It is first argued: "That the court erred in overruling the separate demurrer of the defendant Minnie Emmons to the evidence of the State as to her, and erred in overruling her motion to dismiss and for a directed verdict of 'Not Guilty' ".

The basis for the above proposition is the plea of coverture.

Briefly, the evidence discloses that E. G. Schroeder, sheriff of Payne County, armed with a search warrant and accompanied by one of his deputies, the chief of police and two other officers from the police department of Stillwater, went to the home of Harry Emmons in Stillwater, where he lived with his common-law wife, Minnie

Brake or Emmons; that he served the search warrant on the wife and proceeded to search the home. His deputy, Mr. Flowers, remained outside watching through a window. Chief of police Boughton and officer Poole went to the back door. While the search was in progress, with only the searching officers and the defendant Minnie Emmons and a number of children in the home, the sheriff noticed Mrs. Emmons go hurriedly to the bath room with something apparently in a hand. The sheriff immediately followed. The door was left open and the sheriff observed one of Mrs. Emmon's arms coming down from a cabinet. He immediately entered and searched the bath room and found three pints and three half pints of intoxicating liquor. The defendant Harry Emmons was not present. Witness testified that Mrs. Emmons said, "Well, you found it. But that is all there is, Sheriff. You won't find any more."

Sheriff Schroeder further testified that he put the whiskey found in the bath room in a paper sack, and then went to the back porch where he met the defendant Harry Emmons with chief of police Boughton and deputy sheriff Flowers. These officers had found a quantity of whiskey hidden in a garbage can on the back porch.

Officer Mert Poole testified that the defendant Minnie Emmons, prior to the discovery of the whiskey in the bath room had told witness and the sheriff that they had "made a dry haul". He said that the first time he saw the defendant Harry Emmons was after they had found the whiskey in the bath room and was out at the barn; that Harry Emmons then came on to the house. The evidence disclosed that the officers found a total of eight pints and three half pints of bonded whiskey, and four pints of gin.

The court overruled the separate demurrer of the defendant Minnie Emmons based on the ground of coverture, and overruled her motion to dismiss, and for a directed verdict of "not guilty".

The defendant Harry Emmons testified and said that he was 62 years of age, with an eighth grade education; that he and his wife had never been legally married but

were man and wife by mutual agreement; that they had three children; that he was a truck driver, one of his children was partially blind and that he had recently undergone a hernia operation. He said that the liquor found by the officers at his home belonged to him and not his wife; that he had been selling whiskey to keep his family from starving. Defendant said that when the officers commenced the search of his home he was out at his barn.

There was much other testimony by the defendant concerning his trials and tribulations. He admitted having nine children by a wife from whom he was divorced, but all such matters are not material to the issue presented.

We find that the court in his instructions submitted the defense of coverture to the jury. The jury by its finding believed that the defendant Minnie Emmons committed the acts of dominion over a portion of the liquor found, out of the presence of her husband, and independent of him; that she assured the officers that they had "made a dry haul" and then attempted to hide the liquor, and thereafter assured them that they had found all of the whiskey, though this was not true, because they found additional whiskey on the back porch.

The statutory provisions involved are §§ 157 and 159 of Title 21, O.S.1951.

Section 159 provides:

"The inference of subjection arising from the fact of coverture may be rebutted by any facts showing that in committing the act charged the wife acted freely."

■ This court has said that where the evidence discloses that an offense was committed by a husband and wife acting together, and it is apparent that the wife was not under any subjection but acted freely, the inference of subjection arising from the fact of coverture is rebutted. Winer v. State, 36 Okl.Cr. 316, 253 P. 1025. And we have further said that the general rule that a wife committing crime is presumed to have acted under her husband's coercion applies only in case of the husband's personal and physical presence at the time of the commission of the offense. Trapp v. State, Okl.Cr., 268 P.2d 913.

■ In Keeney v. State, 74 Okl.Cr. 430, 127 P.2d 387, we said, in part:

"The statute on coverture, 21 O.S. 1941 § 157, Sec. 1802, O.S.1931, provides: 'A subjection sufficient to excuse from punishment may be inferred in favor of a wife from the fact of coverture whenever she committed the act charged in the presence and with the assent of her husband * * *.' Said statute has been discussed several times by this court. In the recent case of O'Donnell v. State, 73 Okl.Cr. 1, 117 P.2d 139, the various decisions were reviewed and said statute discussed at length. It is well-settled that where the wife commits the act out of the presence of the husband and independent of him, the doctrine of subjection by reason of coverture will not apply."

■ We are forced by the circumstances to conclude that the wife in this case acted independently of her husband.

This case is readily distinguishable from the Kelso v. State, 96 Okl.Cr. 367, 255 P.2d 284; Sentell v. State, 61 Okl.Cr. 229, 67 P.2d 466, and Paris v. State, 66 Okl.Cr. 236, 90 P.2d 1078 cases, cited by defendants. A reading of these cases and comparing with O'Donnell v. State, supra, will at once make clear the distinction.

It is next contended "That the court erred in permitting, at the time of sentencing of the defendant Minnie Emmons, the county attorney to introduce into the record prior convictions of said defendant, the defendant not having testified in her own behalf."

Tit. 22 O.S.1951 § 973 provides:

"After a plea or verdict of guilty in a case where the extent of the punishment is left with the court, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may in its discretion hear

the same summarily at a specified time and upon such notice to the adverse party as it may direct."

It is argued by counsel that in that defendant Minnie Emmons did not testify, her reputation was not in issue, and therefore her previous convictions could not be introduced into evidence, for to do so would put her reputation into issue and violate Art. II, § 21 Okl.Const., which grants citizens immunity from testifying against themselves.

The statutory provision involved, Tit. 22 O.S.1951 § 973, was enacted for the benefit of the convicted person as well as the state. It permits the court to hear evidence in mitigation or aggravation of the punishment. It is not received as bearing on the guilt or innocence of the charge in the case at hand. The defendant is not required to introduce evidence or to testify. As we said in Herren v. State, 74 Okl.Cr. 432, 437, 127 P.2d 384, 386:

"Because of the constitutional provision above named [Art. II, § 21, Okl. Const.], we do not think the court can compel the defendant to answer questions which might incriminate him."

Here the defendant Minnie Emmons did not testify. She was not required to answer questions. The proof of prior convictions was by court records and officials. This procedure has been many times approved and is not dependent on whether the accused at trial testified or did not testify. See Kittrell v. State, 96 Okl.Cr. 301, 253 P.2d 853; Nowlin v. State, 75 Okl. Cr. 102, 128 P.2d 1023; Powell v. State, 94 Okl.Cr. 1, 229 P.2d 230.

It is finally urged that the punishment assessed both defendants is excessive. Both defendants were assessed penalties of 60 days confinement in the county jail, and to pay fines of $200. The judgment and sentence as to the defendant Harry Emmons is affirmed; and the sentence of the wife, defendant Minnie Emmons, is modified to a jail sentence of 30 days and a fine of $50, and as so modified, is affirmed.

JONES, P. J., and BRETT, J., concur.