Mrs. J. C. DOYLE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12475.

Criminal Court of Appeals of Oklahoma.

Oct. 16, 1957.

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Mrs. J. C. Doyle, plaintiff in error, hereinafter referred to as defendant, was charged by information in the court of common pleas of Tulsa County with the crime of unlawful possession of intoxicating liquor, was tried before the court, found guilty and her punishment fixed at a fine of $50, and thirty days imprisonment in the county jail.

The evidence discloses that the residence of defendant, whose full name is Julia Catherine Doyle, was searched under authority of a search warrant. Defendant and her husband and three small children were present when the search was made. The warrant was served on defendant's husband, and the officers took into possession a large quantity of tax-paid whiskey, put up in fifths, pints and half pints. It was shown that the name of defendant's husband was Dick. Separate charges were filed against the Doyles, the charge against the husband being a second and subsequent offense charge. The evidence developed that a Federal Liquor Stamp was issued to J. C. Doyle for the period July 1, 1956 to June 30, 1957, covering the premises described in the search warrant.

At trial Raymond Pruitt, one of the officers making the search, testified that at the time of finding the whiskey in question, Mrs. Doyle remarked: "Which one are you going to take? It belongs to both of us."

A motion to suppress was overruled, a jury was waived, and the case was tried to the court. The two arresting officers testified to the finding of the whiskey, service of the search warrant, etc. Defendant interposed a demurrer to the State's evidence, which was overruled. Defendant offered no evidence.

For reversal, it is claimed that the affidavit for a search warrant was insufficient to support the issuance of a search warrant. The pertinent portion of the affidavit, after the name of the defendant and description of premises, reads as follows:

"* * * did then and there unlawfully and wilfully have in his possession and under his control, and did then and there unlawfully keep and does now unlawfully have in his possession and under his control, and does keep intoxicating liquors, described as wine, whiskey, beer and other spirituous, fermented and malt liquors, a more particular description of which this affiant cannot give, and certain personal property, fixtures and furniture, consisting of bars, glasses, jugs, bottles and other furniture, containers and fixtures, a more particular description of which this affiant cannot give, used for same.

"That the said persons are still wilfully and unlawfully keeping said property and intoxicating liquors above described for the purpose and with intent to violate the laws of the State of Oklahoma and that they are used in and about the business of keeping a place where intoxicating liquors are wilfully and unlawfully sold and/or stored, and that all of the said above-described devices, furniture, fixtures, and appliances are being used by said persons in aid of said unlawful business.

"And the affiant further says that the above named persons at the said place and in said buildings, are now engaged in the business of keeping a place where intoxicating liquors are sold, stored, given away and otherwise furnished to divers persons whose names are to this affiant unknown, in violation of the prohibitory liquor laws of said State of Oklahoma, and is using all of the above-described property in connection with and in aid thereof.

"Affiant further states that the above-described premises is a place of public resort where divers persons congregate for the purpose of buying, selling, drinking and offering for sale intoxicating liquors and where intoxicating liquors are bartered, stored and given away in violation of the prohibitory laws of the State of Oklahoma and constitutes a public nuisance.

"J. C. Doyle does have a U. S. Federal Retail Liquor stamp issued to him at the above location."

The affidavit was on a printed form except the allegation concerning the U. S. Federal Retail Liquor Stamp had been typed in. It is argued that the printed statements amounted only to general allegations and that the typed-in allegation was of a specific fact.

If we understand counsel it is contended that the typed-in allegation supercedes and nullifies the printed allegation, and therefore the affidavit is insufficient to support a search warrant. Counsel says:

"It is the defendant's position that the rule of law to be applied to affidavits for the issuance of a search warrant wherein the contents thereof is parallel to defendant's exhibit No. 3, is that where a 'general allegation', standing alone, might be adequate, but when 'specific facts' are set forth which purport to show the existence of probable cause, then the 'general allegation' must yield to the 'facts averred' and the weight or sufficiency of such 'general allegations' are cancelled and nullified."

Cited in support of defendant's thesis is Ingraham v. Blevins, 236 Ky. 505, 33 S.W.2d 357, a civil case for damages for an alleged wrongful search. We do not consider the case in point.

In the first place, contrary to defendant's argument, the printed allegations in the affi-

davit for search warrant in part are of "specific facts" and sufficient to show probable cause for the issuance of the warrant. The allegations were not based on information and belief. And, as argued by the Attorney General, the typed-in part of the affidavit was an aid, rather than a hinderance, to the magistrate in judically determining the question of whether there was sufficient probable cause to believe that the prohibitory liquor law was being violated and upon the premises described in the affidavit.

■ We have often said that the fact that an affidavit for a search warrant is in the main based upon allegations in a printed form does not invalidate a warrant based thereon if there are sufficient evidentiary facts set forth in the affidavit to justify the magistrate in concluding that there was probable cause for issuing the warrant. See Shiever v. State, 94 Okl.Cr. 37, 230 P.2d 282; Perry v. State, 83 Okl.Cr. 162, 174 P.2d 388; Griffin v. State, 95 Okl.Cr. 421, 246 P.2d 424.

But defendant urges that many of the material allegations of the affidavit for the issuance of the search warrant were false and untrue. The court permitted evidence to show that there was no bar and no glasses or fixtures as set out in the affidavit. We have heretofore pointed out that the magistrate is more than an automaton and that it is his duty, particularly where a printed form is used, to query the affiant and strike or have stricken from the affidavit any allegations not applicable to the case at hand. See Edwards v. State, Okl.Cr., 311 P.2d 266.

■ If the allegation concerning the fixtures had been stricken it is our opinion that it would have still been sufficient. However, as pointed out in Perry v. State, supra, and Griffin v. State, supra, and Phillips v. State, 34 Okl.Cr. 52, 53, 244 P. 451; and Rausch v. State, 65 Okl.Cr. 52, 82 P.2d 687, and many other cases, it is the settled rule in this State that where the affidavit or complaint upon which a search warrant is based is sufficient on its face, the defendant will not be permitted to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information or the means by which it was obtained. If the allegations were actually false and malicious, there are ample legal means for redress.

■ Lastly, it is urged that this is a case where the defendant, a married woman, was acting under the direction and coercion of her husband in the commission of the alleged offense.

Involved are certain statutory provisions, 21 O.S.1951 § 157, which provides:

"A subjection sufficient to excuse from punishment may be inferred in favor of a wife from the fact of coverture whenever she committed the act charged in the presence and with the assent of her husband, except where such act is a participation in: [here eighteen separate offenses are enumerated.]"

And 21 O.S.1951 § 159 provides:

"The inference of subjection arising from the fact of coverture may be rebutted by any facts showing that in committing the act charged the wife acted freely."

We consider that the evidence heretofore recited indicated that the wife by her own admission, acted freely.

In Sanders v. State, Okl.Cr., 287 P.2d 458, 460, we said:

"Where the evidence discloses that an offense was committed by a wife in the presence of her husband, and it is apparent from all the evidence that the wife was not under any subjection, but acted freely, the inference of subjection arising from the fact of coverture is rebutted."

See also O'Donnell v. State, 73 Okl.Cr. 1, 117 P.2d 139; Winer v. State, 36 Okl.Cr. 316, 253 P. 1025, and Emmons v. State, Okl. Cr., 291 P.2d 838.

The judgment is affirmed.

BRETT, P. J., and NIX, J., concur.