**Loyd HIGGINS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A-16881.**

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1972.

Joe K. Page, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Loyd Higgins, hereinafter referred to as defendant, was convicted in the District Court of LeFlore County, Case No. CRM–71–90, of the offense of contributing to the delinquency of a minor, in violation of 21 O.S.1971, § 856, with punishment fixed at six (6) months imprisonment in jail and a fine of Five Hundred Dollars ($500.00). Judgment and sentence was imposed on May 3, 1971, and this appeal perfected therefrom.

Defendant contends on appeal that the State failed to prove the essential elements of the crime charged and that the evidence was insufficient to support the jury's verdict.

It was charged by information that the defendant, Loyd Higgins, did cause, aid, abet and encourage a minor male, age fourteen, to become a delinquent child in that on January 30, 1971 in LeFlore County, Oklahoma, defendant "did then and there manipulate the private parts of said" minor. There were no further allegations in the information of actions or conduct by the defendant that constituted the offense charged.

At the trial, State's evidence consisted of the testimony of the minor, an investigator for the District Attorney's office, and a policeman. The minor testified that the defendant arranged to meet the boy behind a church on Saturday, January 30, 1971 at 2:00 p. m. At this meeting, after some conversation, defendant kissed and rubbed around on the boy. Bill Seale, a Poteau policeman, and John Mixon, investigator for the District Attorney, had stationed themselves in a window of the church

where they could observe this encounter. Seale testified that the defendant had his arm around the boy and was kissing him. Mixon also testified that the defendant was kissing the boy and had his arms around him. Mixon further testified that the defendant "fondled himself." However, neither the defendant nor the boy were unclothed or exposed. The boy expressly tesified that the defendant did not play with his private parts. According to the boy's testimony, the defendant did not even touch his private parts. Likewise, the witness Seale testified that he did not see the defendant playing with or manipulating the private parts of the boy. The witness Mixon also testified that he did not see defendant playing with the boy's sexual organs.[1]

The court's instruction, numbered five, advised the jury:

"* * * To find the defendant guilty of the charge as alleged in said information you must find beyond a reasonable doubt that the said Loyd Higgins did in fact manipulate the said private parts of the said [minor] based on the evidence presented to you by the witnesses herein and if a reasonable doubt exists in your minds as to whether this act or conduct was committed by the defendant, then you must resolve this doubt in favor of the defendant and find him not guilty."

It is elementary that in a criminal prosecution the burden rests upon the State to prove the material allegations charged in the information or indictment, and failing to prove the material allegations the evidence is insufficient to support a conviction. "The facts necessary to constitute an offense must be charged in an indictment or information and proven upon the

---

1. Transcript, Page 13:
 "Q. In particular, Mike, did Mr. Higgins play with your private parts?
 "A. No.
 "Q. Mike, do you understand what counsel was asking you when he said especially the words 'private parts?'
 "A. Yes, I understand."
 Transcript, Page 19:

"Q. Mr. Seale, did you see with you own eyes Mr. Higgins playing with or manipulating the private parts of Mike . . ."
"A. I did not."
Transcript, Page 24–25:
"Q. Mr. Nixon, . . . Did you see him [defendant] playing with [the boy's] sexual organs or not?
"A. No, sir."

trial. A failure to do either of these things is fatal to a conviction." Cheeves v. State, 5 Okl.Cr. 361, 114 P. 1125 (1911).

■ The only act or conduct alleged in the information was that the defendant did manipulate the private parts of the minor. The court instructed the jury that they must find that the defendant "did in fact manipulate the said private parts" of the minor or they must find him not guilty. There was no evidence before the jury that the defendant manipulated or played with the private parts of the minor. Indeed, the evidence is to the contrary. Each of the three witnesses expressly testified that the defendant did not play with or manipulate the private parts of the minor. Thus not only did the State fail to meet its burden of proof, which made the evidence demurrable, but the jury ignored the court's instructions and reached a verdict unsupported by competent evidence. Since the evidence did not support the charge and is insufficient to support conviction, we conclude that the judgment and sentence must be reversed and remanded.

BRETT and SIMMS, JJ., concur in result.