### MRS. E. KIRK v. STATE.

No. A-4988.    Opinion Filed April 28. 1925.
(235 Pac. 624.)

(Syllabus.)

1. **Searches and Seizures—Affidavit for Search Warrant Insufficient if Made on Information and Belief Alone.** An affidavit, on which probable cause for issuance of a search warrant is determined, is insufficient if made on information and belief alone.

2. **Evidence—Neither Liquor nor Evidence of Unlawful Possession Admissible if Obtained Under Unlawful Search Warrant.** Where defendant is charged with unlawful possession of intoxicating liquor, if the liquor or evidence of defendant's possession thereof has been secured under a search warrant issued without authority of law, neither the liquor so seized nor the evidence of the possession thereof, so acquired, is admissible against defendant in a prosecution for the alleged offense.

Appeal from County Court, Ottawa County; Wm. M. Thomas, Judge.

Mrs. E. Kirk was convicted of unlawful possession of intoxicating liquor, and she appeals. Reversed and remanded, with direction.

F. W. Church, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiff in error was tried upon an information charging her with unlawful possession of intoxicating liquor. She was found guilty by the jury and sentenced to confinement in jail for 60 days and a fine of $300 and the costs. She has appealed from the judgment, and assigns as error that the verdict is not sustained by sufficient evidence, and that the court erred in admitting incompetent evidence.

The evidence shows that U. S. Jennings and Nate Wolfe, deputy sheriffs, under authority of a search warrant visited the premises occupied by defendant in Hockerville and found a gallon jar partly filled with corn whisky.

As a witness in her own behalf, defendant testified that she was a married woman, age was 50 years, and was running a rooming house in Hockerville; that she did not have any whisky there and did not know who owned the whisky found by the officers.

It is contended that all the evidence in the case was inadmissible on the ground that no probable cause was shown for the issuance of the search warrant, and the same was admitted over the objections of defendant.

The affidavit for the search warrant, omitting caption and indorsements, reads as follows:

"I, U. S. Jennings, do solemnly swear:

"That there is probable cause for believing that liquors are being manufactured, sold, bartered, given away and otherwise furnished in violation of law.

"That liquors are being kept for the purpose of selling, bartering, giving away and otherwise furnishing same in violation of law.

"And that said liquors are being kept by Mrs. Kirk at Hockerville, Okla., in Ottawa county, in violation of law.

"Wherefore, affiant asks that a search warrant issue for said property, and that said Mrs. Kirk be brought before the court, and dealt with according to law.

"U. S. Jennings.

"Subscribed and sworn to before me this 18th day of September, 1923, Jeff Black, Justice of the Peace."

The affidavit in the instant case merely states, "There is probable cause for believing."

It is the well-settled rule in this state that the facts and circumstances which induce the complainant's belief must be set forth, and those facts and circumstances must be sufficient to make it appear that there is probable cause for such belief and for making the search, and the magistrate must be satisfied and determine from the facts and circumstances set forth and sworn to that there is reasonable cause for such belief.

No such facts and circumstances are here set forth, and probable cause for issuance of the search warrant was not shown; evidence therefore secured by virtue of it was inadmissible. Gore v. State, 24 Okla. Cr. 394, 218 P. 545; Hannan v. State, 29 Okla. Cr. 203, 233 P. 251.

Eliminating this illegal evidence, we find there is not sufficient proof to sustain the verdict.

We need not discuss the other questions raised.

The judgment of conviction is reversed, and the cause remanded, with direction to discharge defendant.

BESSEY, P. J., and EDWARDS, J., concur.