## BILL LLOYD v. STATE.

No. A-6096.   Opinion Filed Feb. 23, 1929.
(274 Pac. 901.)

Phillips & Phillips, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted of violating the prohibitory liquor laws, and his punishment fixed at 30 days in jail and a fine of $50 and cost. Motion for new trial was filed and overruled, exceptions saved, and the case appealed to this court.

The defendant has assigned five separate errors committed by the trial court, the first being: "Error of the court in overruling defendants motion to set aside the information."

The information is in proper form. The form of the affidavit attached to the information is as follows:

"State of Oklahoma, Bryan County, ss.

"I, J. E. Tritt, being duly sworn on oath do state that the facts set forth in the foregoing information are true.

"J. E. Tritt.

"Subscribed and sworn to before me by J. E. Tritt, this the 6th day of November, 1925.

"_____."

The defendant, on the 5th day of January, 1926, ap-

peared by his attorneys and filed the following motion, omitting the caption:

"Now comes the defendant Bill Lloyd, by his attorneys, Phillips & Phillips, and moves the court to set aside, quash and vacate and hold for naught the purported information filed herein, for the reason that the same is not verified as required by law.

"Phillips & Phillips,
"Attorneys for Said Defendant."

This motion was heard and considered by the court and overruled, and defendant duly excepted. The defendant then filed a demurrer to the information on the ground that the information was not drawn in accordance with the chapter on criminal procedure, and that the same does not state facts sufficient to constitute a public offense, more especially the offense charged or attempted to be charged, which demurrer was by the court overruled.

The court inquired of the defendant as to his plea, and defendant refused to plead, and the court then entered for him a plea of not guilty, and directed the clerk to let his record show a plea of not guilty.

The defendant announced that he intended to stand upon his motion to quash the information and the demurrer. A jury was then called and testimony taken on behalf of the state, which resulted in a conviction of the defendant.

After a careful examination of the record, the only assignment of error that we deem necessary to consider is the first assignment, which goes to the action of the court in overruling defendant's motion to quash and set aside the information.

The last sentence in section 2511, C. O. S. 1921, reads as follows:

"All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person."

The information in this case does not purport to have been verified or sworn to by anyone, nor was there any effort made on the part of the state to show that J. E. Tritt did swear to the information and that the officer who administered the oath failed to attach his jurat to the affidavit.

The defendant, in filing his motion to quash for want of verification, properly saved the record, and his motion should have been sustained, and the state required to file an information properly verified before the defendant was forced to trial. In re Talley, 4 Okla. Cr. 398, 112 P. 36, 31 L. R. A. (N. S.) 805; Muldrow v. State, 4 Okla. Cr. 324, 111 P. 656.

The view we take of this record, it is not necessary to consider the other assignments.

The case is reversed and remanded.

EDWARDS, P. J., and CHAPPELL, J., concur.