## E. H. WILLIS v. STATE.

No. A-9352. April 14, 1938.

(78 P. 2d 840.)

Mathers & Mathers and Joe Adwon, all of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction rendered in the court of common pleas of Oklahoma county, in accordance with the verdict of the jury finding the defendant, E. H. Willis, guilty of vagrancy, and fixing his punishment at a fine of $100 and confinement in the county jail for 30 days.

Motion for a new trial was overruled. On February 20, 1937, the court rendered judgment on the verdict.

The information charged that on the 6th day of November, 1936, in Oklahoma county, E. H. Willis, "then and there being did then and there willfully, unlawfully and wrongfully loiter about and upon the streets of Oklahoma City, said county and state; said defendant was an able-bodied person with no visible means of support and made no honest endeavor to secure a livelihood, contrary to," etc.

The assignments are: Error in the overruling of defendant's motion for a new trial; error in overruling the defendant's motion for a directed verdict; and errors of law occurring during the course of the trial and excepted to at the time.

The testimony on the part of the state tended strongly to show that the defendant was guilty of vagrancy as charged. Seven or eight members of the police department of the city of Oklahoma City testified that they had seen the defendant hanging around the bus station and railroad stations on the date alleged, and frequently for several months prior thereto, that he had been arrested several times prior to the arrest in this case; that he associated with marijuana smokers; that he had no visible means of support and was an able-bodied person; that accosted by the officers he would say he was not working at all, but was going to go to the cotton fields; at other times he would say that he had a job with some oil company. It appears that he was arrested several times for working petty confidence games.

The defendant did not testify as a witness in his own behalf.

The only witness for the defendant was J. T. Boyd, who testified that he operated a pool hall at 505 S. Robinson street, Oklahoma City, that he could not recall any dates but remembers cashing three or four checks for the defendant in the fall of 1936, one or two in December, 1936, as he remembers.

It appears from the record that no demurrer was filed to the information or objection to the introduction of evidence made, and no motion in arrest of judgment was made. The sufficiency of the information is challenged for the first time in this court.

It is strenuously insisted that there was a defect in the information which entitled the defendant to a reversal of the judgment against him.

An information cannot be attacked upon appeal unless some foundation was laid therefor before final judgment was rendered. The defendant may take advantage of a defective information by demurring thereto before the trial, by objecting to the introduction of evidence on the ground that the facts stated do not constitute a public offense, or by motion in arrest of judgment.

The function of a demurrer is to defeat the information without a trial whenever it appears that it is subject to any one or more of the five objections named in the statute, section 2948, St. 1931, 22 Okla. St. Ann. § 504. These objections can be taken only by demurrer.

"Except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment." Section 2956, Okla. St. 1931, 22 Okla. St. Ann. § 512. Stone v. State, 12 Okla. Cr. 313, 155 P. 701; Franklin v. State, 17 Okla. Cr. 348, 188 P. 686.

Under this provision, if it appears that the facts stated do not constitute a public offense, an objection to the introduction of evidence on that ground is sufficient to raise the question. After the verdict was rendered, when motion was made for a new trial, no claim was asserted that the information was bad for any reason.

The record shows that at the close of the evidence appellant demurred thereto and asked the court to advise the jury to render a verdict of not guilty upon the ground that the evidence is insufficient to sustain a conviction.

This motion challenged the evidence, not the information. There was a claim of variances, but no claim that the information did not warrant a conviction. The motion was made upon specific grounds which did not include, or necessarily involve, an objection to the information. It follows that we cannot consider the questions argued as to the insufficiency of the information because they were not raised as authorized by statute. This court cannot consider questions that were not raised in the trial court as authorized by statute, unless fundamental error prejudicial to the substantial rights of appellant is apparent. Harry v. State, 59 Okla. Cr. 302, 58 P. 2d 340; Rhodes v. State, 58 Okla. Cr. 1, 49 P. 2d 226; McGaugh v. State, 12 Okla. Cr. 96, 152 P. 140; Clark v. State, 11 Okla. Cr. 494, 148 P. 676.

Under the assignment, errors of the court in the course of the trial, counsel for the defendant in their brief say:

"The defendant was charged under the second subdivision of section 2581, St. 1931, 21 Okla. St. Ann. § 1141, and was convicted under the fifth subdivision which is conducting a confidence game, a card sharp, a professional gambler."

It is sufficient to say that there is no merit in this contention.

Evidence covering the commission of another offense is always admissible when two crimes are so linked together

in point of time and circumstances that one cannot be fully shown without proving the other.

Evidence otherwise relevant is not rendered inadmissible because it shows the commission of another and different offense. Cannon v. Territory, 1 Okla. Cr. 600, 99 P. 622; Littrell v. State, 21 Okla. Cr. 466, 208 P. 1048.

The instructions given by the court, to which no objection was made or exception taken, fully covered the law of the case.

It is our conclusion, after a careful examination of the entire record, that the defendant had a fair and impartial trial, and that his conviction is sustained by the evidence and the law.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

DAVENPORT, P. J., and BAREFOOT, J., concur.