## FRED RAUSCH v. STATE.

No. A-9436.   Sept. 2, 1938.
(82 P. 2d 687.)

Lloyd C. Colter, of Nowata, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J.   The information in this case charged that Fred Rausch, in Nowata county, on or about the 30th day of May, 1936, "did unlawfully have the possession of 70 pints and 18 quarts of whisky and gin" with the unlawful intent to violate provisions of the prohibitory liquor laws.

The jury by their verdict found the defendant guilty as charged and fixed his punishment at a fine of $50 and 30 days imprisonment in the county jail.

From the judgment rendered on the verdict he appeals.

The evidence is not disputed that on the day alleged, Hugh Owen, sheriff of Nowata county, by authority of a search warrant, describing a Model A Ford car, and giving license number, owned by the defendant, Fred Rausch, parked on east Cherokee street, city of Nowata, proceeded to where the car was parked, and found the same locked, the officers were about to break open said car when the defendant came up, unlocked the car and said, "The whisky is in there." Intoxicating liquors as alleged in the information were found in the car, and the defendant was arrested.

The errors assigned are that the court erred in overruling the defendant's motion to suppress the evidence on the ground that the affidavit and the search warrant under which the search and seizure were made were insufficient, in that affiant had no personal knowledge of the facts sworn to; and that the information was insufficient to charge an offense.

The affidavit or complaint upon which the search warrant issued was verified by Hugh Owen, sheriff.

The sufficiency in form or substance of the affidavit or complaint for a search warrant and the search warrant issued thereon may be challenged by motion to suppress the evidence, or by an objection to the admission of the evidence. Such challenge is to be determined by the trial court. The purpose of the verified complaint for a search warrant is to invoke the judicial power of the magistrate, and, when filed, it is the duty of the magistrate to determine judicially if there is probable cause for believing the existence of the facts stated in the affidavit. In so determining the magistrate exercises a judicial function.

It is the settled rule in this state that, if the affidavit or complaint and the search warrant issued thereon are sufficient on their face, the evidence obtained by the search is admissible, and the court will not permit the defendant to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information, or the means by which it was obtained. Phillips v. State, 34 Okla. Cr. 52, 244 P. 451; Moss v. State, 4 Okla. Cr. 247, 111 P. 950.

Under the rule stated the motion to suppress the evidence was properly overruled.

It appears from the record that no objection was, made in the court below as to the sufficiency of the information.

It is the rule in this state, that where an information is not challenged either by demurrer or objection to the introduction of evidence, every intendment or presumption will be indulged to sustain it.

Finding the evidence sufficient and no prejudicial error appearing, the judgment appealed from is affirmed.

DAVENPORT, P. J., and BAREFOOT, J., concur.