# ORVILLE PERRY v. STATE.

No. A-10625.   Nov. 13, 1946.

(174 P. 2d 388.)

Cruce, Satterfield & Franklin and John W. Tyree, all of Lawton, for plaintiff in error.

Mac Q. Williamson. Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J.  The defendant Orville Perry was convicted in the county court of Comanche county of the offense of unlawful possession of intoxicating liquor and has appealed.

The same defendant has two other appeals pending in this court in cases 83 Okla. Cr. 168, 174 P. 2d 392 and 83 Okla. Cr. 170, 174 P. 2d 393. The issues involved in all three cases are identical, and by stipulation it is agreed that the three cases may be consolidated for briefing and argument.

It is first contended that the court erred in overruling defendant's motion to suppress the evidence. This assignment of error is divided into three propositions: First, the affidavit for search warrant was a form search warrant and therefore illegal; second, the affidavit is not signed by the party purportedly making the affidavit; third, the search warrant was not served by the party to whom it is directed.

The affidavit for search warrant was on a printed form used by the justice of the peace in the preparation of affidavits for search warrants for intoxicating liquor is-

sued out of his court. The only evidentiary facts other than those set forth in the printed form are as follows:

"I have seen numerous persons enter said premises in a sober condition and leave in an intoxicated condition, carrying packages which resemble packages of intoxicating liquor."

The affidavit for the search warrant is sufficient on its face to authorize the issuance of a warrant, and the fact that a printed form is used does not of itself vitiate the proceedings. Key v. State, 69 Okla. Cr. 71, 100 P. 2d 291; Pitzer v. State, 69 Okla. Cr. 363, 103 P. 2d 109.

It is the settled rule that where the affidavit or complaint upon which a search warrant is based is sufficient on its face, the defendant will not be permitted to show that the statements in the affidavit are not true, or to raise any question as to the accuracy or source of the affiant's information or the means by which it was obtained, Phillips v. State, 34 Okla. Cr. 52, 244 P. 451; Rausch v. State, 65 Okla. Cr. 52, 82 P. 2d 687.

In Phillips v. State, supra, (34 Okla. Cr. 52, 244 P. 452), it is stated:

"The sufficiency in form or substance of the affidavit for search warrant and the search warrant itself may be challenged by a motion to suppress evidence or by an objection to the admission of evidence. Such challenge is to be determined by the trial court. It is never a question for the jury. The purpose of the verified complaint for search warrant is to invoke the judicial power of the magistrate, and when filed, it is the duty of the magistrate to determine judicially if there is probable cause for believing the existence of the things stated in the affidavit. In so determining the magistrate exercises a judicial function. Whether or not he errs in his conclusion or whether or not the affidavit upon which the search warrant is obtained is true

is not an issue under the trial of a case predicated upon evidence obtained by such search warrant."

The affidavit discloses that the affiant signed the same on the same line where the justice of the peace placed his signature, just to the left of the signature of the justice of the peace and below the jurat.

The affidavit is styled as follows:

Affidavit For Search Warrant

In the Justice Court, City of Lawton District,

Comanche County, Oklahoma

Before John Manning, Justice of the Peace

State of Oklahoma }
             } SS.
Comanche County }

On this 8th day of December, 1944, before me the undersigned authority, personally appeared Rex Hawks, who being by me first duly sworn, did depose and say: (followed by the body of the affidavit) Subscribed and sworn to before me this 8th day of December, 1944.

    Rex Hawks        John Manning
     Affiant       Justice of the Peace

The defendant contends that this affidavit does not comply with the provision of our statute which states that:

"The magistrate must, before issuing the warrant, take, on oath, the complaint of the prosecuting witness in writing, which must set forth the facts tending to establish the grounds of the application, or probable cause for believing they exist." 22 O. S. 1941 § 1224.

It is contended that the instrument in question is not an affidavit or written declaration by the complaining witness, but was merely a finding by a magistrate that the complainant swore orally before such magistrate certain facts regarding the premises in question.

We have been unable to find any decision by this court construing a similar affidavit, and counsel for the state and defendant have each stated that this question has never been determined by this court.

In 2 C. J. S., Affidavits, § 20, pp. 956 and 957, it is stated:

"The object of a signature or mark is to identify the person swearing to the affidavit, it being essential that an affidavit sufficiently identifies such person. Consequently, the practice has long been settled and uniform that an affiant should sign his affidavit. * * * The signature should ordinarily be placed at the foot of the body of the affidavit, but it need not be placed there if it appears in any other part, was placed there by the party, and is applicable to the whole circumstance of the affidavit. Accordingly signatures have been held sufficient where in the beginning of the affidavit rather than at the end or where placed in or below the jurat."

In the case of Kohn v. Washer, 69 Tex. 67, 6 S. W. 551, 5 Am. St. Rep. 28, the Supreme Court of Texas held:

"Rev. St. Tex. art. 6 (Vernon's Ann. Civ. St. art. 23, subd. 18). provides that all affidavits shall be in writing, and signed by the party making them. Held, where the maker signed below the jurat of the notary before whom it was taken, it was sufficient; the jurat reciting that affiant subscribed and swore to the same."

In the body of the opinion it is stated:

"The ground of the exception to the affidavit is that the signature of the affiant, David A. Kohn, instead of being affixed below the body of the affidavit and above the jurat appears below the official signature of the notary. Waiving the question whether a common-law affidavit is not all that can be required under the act of congress, we are of opinion that the affidavit in controversy must be held good under our own laws. The statute provides that

all affidavits 'shall be in writing, and signed by the party making the same.' Rev. St. art. 6. As to the place of the signature nothing is said. The jurat is in these words: 'Subscribed by the said David A. Kohn and by him sworn to before me this the thirty-first day of August, A. D. 1885.' The signature, 'David A. Kohn,' appearing immediately below the official designation of the notary, it is apparent that it was placed there by the affiant for the purpose of subscribing to the instrument. This meets fully the objects of the law, and is all that can be required."

It appears to us that the common sense rule is as above stated, and that an affidavit should be held sufficient if the signature appears anywhere on the instrument, provided that it evidences the intent of the party to so sign and swear to the instrument.

There is no merit to the contention that the search warrant was not served by the party to whom it is directed. The search warrant was a printed form directed "to any sheriff, constable, marshal, or policeman in the County of Comanche." In addition, there was typed into the direction the following: "Rex Hawks, Investigator for the Dept. of Public Safety of the State of Oklahoma, a State Officer."

Under the provision of the statute, 74 O. S. 1941 § 149, investigators for the Department of Public Safety are given the authority of other peace officers, including the right of search and seizure. Mitchell v. State, 74 Okla. Cr. 416, 127 P. 2d 211; Bowdry v. State, 82 Okla. Cr. 119, 166 P. 2d 1018.

Since the search warrant designated Rex Hawks, Investigator for the Department of Public Safety, as one of the officers who might serve it, and he was the party who served the warrant, it is our conclusion that this contention of defendant cannot be sustained.

Likewise, the contention of defendant that the evidence is insufficient to sustain the conviction cannot be sustained. The proof showed that eight (8) pints and one (1) quart of tax-paid liquor were found by the officers. This was sufficient to make a prima facie case against the defendant. 37 O. S. 1941 § 82. No evidence was offered on behalf of defendant.

The judgment and sentence of the county court of Comanche county is affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.