## BRYSON v. STATE.

No. A-11556.  July 30, 1952.

Rehearing Denied Sept. 24, 1952.

(248 P. 2d 253.)

Frank Leslie, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty., for defendant in error.

POWELL, J. The plaintiff in error, Sam Bryson, hereafter referred to as defendant, was charged by information filed in the court of common pleas of

Tulsa county with the crime of unlawful transportation of intoxicating liquor, was tried before a jury, found guilty and his punishment assessed at a fine of $50 and confinement in the county jail for thirty days. Appeal has been perfected to this court.

It is first contended that the information is fatally defective. We do not find where at trial the information was ever questioned. The information was sufficient to have withstood a demurrer, but no demurrer was filed. It is too late to question the information for the first time on appeal. In the case of McGaugh v. State, 12 Okla. Cr. 96, 152 P. 140, this court said:

"The sufficiency of an information cannot be raised upon appeal, unless some foundation was laid therefor before final judgment was rendered, and where the record shows that no demurrer was interposed, and no motion in arrest of judgment was made after verdict, and no objection taken or question raised as to the sufficiency of the information in the trial court, the defects, if any, were in effect waived."

See, also, Rausch v. State, 65 Okla. Cr. 52, 82 P. 2d 687.

It is next contended that the trial court erred in not sustaining defendant's motion to suppress, it being alleged that as a matter of fact the officers did not have probable cause to support the issuance of a search warrant. The material facts of the affidavit read:

"John Bell first duly sworn, upon oath disposes and says:

"That certain intoxicating liquor is being sold, stored, transported, given away and otherwise furnished; and is being kept for the purpose of being sold, stored, transported, given away, and otherwise furnished in violation of the prohibitory laws of the State of Oklahoma, the kind and description of said intoxicating liquor being as follows, to-wit: Wine, beer, whiskey, and other intoxicating liquors, and imitations thereof and substitutes therefor, the exact quantity thereof being unknown. I have had this car under observation and have seen it being used in the transportation of whiskey on the streets and alleys of Tulsa, Tulsa County, State of Oklahoma;

"That said intoxicating liquors are being disposed of and kept by one Sam Bryson and John Doe whose more full and correct name is to affiant unknown, in the manner aforesaid, in and/or on the following described motor vehicle, situated in Tulsa County, Oklahoma, to-wit: A certain 2-door Oldsmobile Sedan, bearing 1950 Oklahoma license number 42-1182 which said motor vehicle is being used in secreting, storing and transporting intoxicating liquors in and on the streets and alleys of the city of Tulsa, and the highways and roads of Tulsa County, Oklahoma."

The affidavit was properly sworn to and is not based on information and belief, but is in clear and positive terms. We do not mean to say that it is a model by any means, as more facts might have been set out. Still, the affiant swears that he has seen the car in question being used in the transportation of whiskey on the streets and alleys of Tulsa. The statement is positive and sufficient under previous holdings of this court. Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625; Griffin v. State, 95 Okla. Cr. 421, 246 P. 2d 424; Le Blanc v. State, 95 Okla. Cr. 280, 245 P. 2d 134.

In the first case we said:

"Where the affidavit to procure a search warrant is in positive terms, one will not be permitted to go behind the affidavit and show that the officer did not have sufficient knowledge of the charges alleged in the affidavit."

It is finally contended by defendant that the case should be reversed for the reason that the state failed to introduce in evidence at trial the whiskey that

formed the basis of the charge filed against him, and shown by the evidence to have been taken from the defendant's automobile.

Deputy Sheriff Floyd Jordan had testified that he saw the defendant about 8:30 p.m., November 22, 1951, drive his motor vehicle down an alley in Tulsa and stop and defendant got out of the car, and witness then served a search warrant on him and searched his car and found a large quantity of whiskey. After this witness had testified to such facts, counsel for defendant stated:

"At this time the defendant requests that this case be dismissed for the reason the whiskey is not produced and we make the request that the officers produce this whiskey taken into court; and we ask that it be produced and introduced in evidence in this court, at this time."

The court overruled and denied the request.

Deputy Sheriff Gibson testified substantially as Deputy Jordan, and the state introduced in evidence a current Federal Retail Liquor Dealer's license that had been issued to the defendant.

It was charged in the information that the intoxicating liquors transported consisted, among other brands, of 12 pints of Fleischmann's whiskey and three one-fifth gallons Seagram's 7 Crown, 6 pints Sunnybrook, 12 pints of Hill and Hill, 18 pints of Log Cabin, etc. If the defendant had claimed that the brands not stated to be whiskey were in fact not whiskey, but beer or some liquor where it would have been necessary to have proven the alcoholic content, in the absence of proof by the state that the brands represented various kinds of whiskey, or if the defendant had offered testimony that the liquor was not whiskey, then the examination of the liquor would have become important. It would have in fact become the best evidence. But here the testimony of the officers was to the effect that the liquor was whiskey and it was so alleged in the information as to the 12 pints of Fleischmann's, and no evidence was offered by the defendant to the contrary.

This court takes judicial notice that whiskey is intoxicating. Tit. 37 O.S. 1951 § 1; Phelps v. State, 36 Okla. Cr. 213, 253 P. 910; Hughes v. State, supra; Crouse v. State, 69 Okla. Cr. 24, 100 P. 2d 467. See also Edwards v. State, 94 Okla. Cr. 11, 228 P. 2d 672.

There was no dispute as to the amount of liquor found. This court, under the circumstances as presented by this case and in this case, will assume that the sheriff disposed of the liquor as provided by the applicable statute and being Tit. 37 O.S. 1951 §§ 101-108. Officers of the law acting in the performance of their duties are presumed to do what the law requires of them, though such presumption is rebuttable. Bates v. State, 91 Okla. Cr. 199, 218 P. 2d 404; Langley v. State, 90 Okla. Cr. 310, 213 P. 2d 886; Stout v. State, 90 Okla. Cr. 360, 214 P. 2d 271; Rawls v. U. S., 10 Cir., 166 F. 2d 532; Id., 334 U.S. 848, 68 S. Ct. 1498, 92 L. Ed. 1771.

It is well to note that where any citizen has evidence that the officials wrongfully and illegally dispose of contraband liquors other than as provided by law, such officials may be prosecuted, and, of course, if convicted, would be removed from office. This by specific action, and in addition to the penalty imposed by the statute. Tit. 37 O.S. 1951 § 108.

The argument that a defendant is entitled to have the identical whiskey produced into court before a conviction may be had has by this court been decided contrary to the contention of defendant. The reasons given may be found in the case of State v. Gragg, 71 Okla. Cr. 213, 110 P. 2d 321, 322, where this court said, in paragraph one of the syllabus:

52

"Where one is charged with the unlawful possession of intoxicating liquor, it is not necessary for the State to produce the identical liquor as alleged in the information, before a conviction may be had for the unlawful possession. This is a question of fact to be decided by the court or jury."

For the above reasons, the case is affirmed.

BRETT, P. J., and JONES, J., concur.