Gregg **LARDI**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–12010.

Criminal Court of Appeals of Oklahoma.

Sept. 15, 1954.

and the proof established that he was in possession of 84 pints of assorted whiskey. He was tried by a jury, convicted and punishment fixed at a fine of $400 and 4 months in jail; judgment and sentence was entered accordingly, from which this appeal has been perfected.

In his brief the defendant first urges that the court erred in overruling the motion to suppress the evidence. He attacks the search and seizure first on the grounds that the affidavit was signed by a person other than the one who furnished the information. This is an attack upon the truthfulness of the affidavit. The record discloses the affidavit was sworn to positively. In this connection it has been repeatedly held that where the affidavit is sworn to positively, the sufficiency thereof may not be attacked at the time of trial. Padgett v. State, Okl.Cr., 248 P.2d 1055; Hughes v. State, 85 Okl.Cr. 25, 184 P.2d 625; Perry v. State, 83 Okl.Cr. 162, 174 P.2d 388; Workman v. State, 83 Okl. Cr. 245, 175 P.2d 381.

Next the defendant attacks the legality of the search and seizure on the ground that the description contained in the search warrant described a lavender house while the defendant and two witnesses testified the house was pink. To the contrary Sheriff Dee Sanders and Deputy Sheriff P. L. Richardson testified that the house as described in the search warrant was lavender. Hence the trial court was confronted with a conflict in the evidence. In this connection it has been repeatedly held that the trial court's ruling upon a motion to suppress the evidence obtained by means of a search warrant, in the determination of a question of fact will be sustained where there is a conflict in the evidence and there is substantial competent evidence in the record to support the court's finding. Johnson v. State, Okl.Cr., 244 P.2d 344; Garner v. State, Okl.Cr., 239 P.2d 433; King v. State, 92 Okl.Cr. 389, 223 P.2d 773; Hughes v. State, 83 Okl.Cr. 16, 172 P.2d 435. The record discloses ample evidence to sustain the trial court's finding that the house was lavender as it was described in the search warrant.

B. S. Null, Hartshorne, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., Homer W. Neece, Co. Atty., McAlester, for defendant in error.

BRETT, Judge.

The plaintiff in error Gregg Lardi, defendant below, was charged in the county court of Pittsburg county, Oklahoma, with the offense of unlawful possession of intoxicating liquors. The information alleged

The defendant further contends that the property was not described in the search warrant with such particularity and sufficient certainty to justify the search. The description contained in the search warrant reads as follows, towit:

"A Small Frame house painted a Lavender Color, located on the North Side of Highway No. 270, approximately 100 feet North of Greggs Tavern, all situated on Lot 47, of Townsite Addition No. 5, Except the East 75 Feet by 450 Feet, north and South Pittsburg County, Oklahoma, * * *."

Contention is made that the foregoing description was so insufficient that the officers could not tell which of the houses to search and therefore the search warrant was a blanket warrant. This contention is predicated upon the testimony of I. M. Jackson, owner of the premises described in the search warrant. His testimony was that there were 6 houses located on Lot 47 and that the house searched was pink and not lavender. He further testified that as to the other houses one house was a green house and another was blue and 2 others were white and another was yellow. His testimony further discloses that Gregg Lardi lived in what he described as the pink house and which the officers testified was lavender in color. Lavender is a pinkish type of purple made by combining the primary colors of red and blue, which may run from almost bluish pink to purple. It is apparent that what the sheriff and deputy sheriff Richardson described as lavender the defendant's witnesses referred to as pink. In any event there was only one house that met the color classification of the defendant and his witnesses and Sheriff Sanders and deputy sheriff Richardson's classification. Regardless of whether the house be lavender or pink as suggested by the Attorney General it certainly could not be confused with houses that were green, blue, yellow or white. Moreover the search warrant more particularly described the property. It set forth that the house to be searched was approximately 100 feet north of Gregg's tavern. The evidence disclosed that the house searched was approximately 100 feet north of Gregg's Dine & Dance or tavern. Sheriff Sanders testified that this was the house that he searched and that it was lavender in color as did Deputy Richardson. Thereafter he further testified it would have been impossible to reach any other house than Gregg Lardi's by going north 100 feet from the tavern or dine and dance place. In McCarthy v. State, Okl. Cr., 249 P.2d 139, this court held:

"The specific description of the premises to be searched is sufficient, if it enables officers executing search warrant to locate the premises to be searched without the aid of any other information save that contained in the warrant, other than information as to general location."

It therefore appears that the search warrant sufficiently and definitely described the property to be searched without resort to any other information.

Defendant further contends that the affidavit for search warrant stated that the premises are not occupied as a residence and in the next line stated that the premises are occupied as a residence. The affidavit stated that the Gregg Lardi residence was a place where intoxicating liquor was stored and kept for the unlawful purpose of being sold, etc., and that it was a place of public resort. In Winger v. State, 88 Okl.Cr. 174, 201 P.2d 264, it was said:

"Tit. 37 O.S.1941 § 88, provides that before a search warrant may be issued for the search of a private residence, it must be shown that the same, or some part of it, is used as a 'store, shop, hotel, boarding house, or place for storage, or that such residence is a place of public resort.'

"Under Tit. 37 O.S.1941 § 88, it is not necessary for the affidavit for search warrant to state all of the above conditions, but if any of them are stated in the affidavit, it is sufficient to justify the issuance of the warrant by the magistrate.

"Where the affidavit to procure a search warrant correctly describes the property to be searched, and states that 'the premises are being used as a place where spirituous, vinous, fermented

and malt liquors \* \* \* are \* \* \* stored, and kept for the purpose and intent of being sold', and that 'said premises are used as a public resort', it is sufficient upon which to issue a search warrant to search a private residence, regardless of the fact that the affidavit does not use the exact words 'private residence.' "

The allegations of the affidavit herein involved meet the foregoing requirements and complies with the provisions of Title 37, § 88, O.S.1951.

■ Finally the defendant contends that the punishment is excessive. There is nothing in the record to indicate any bias or prejudice upon the part of the jury or that the jury's verdict was the result of passion due to misconduct on the part of the state. We are of the opinion that in view of the large quantity of liquor found in the possession of the defendant that we cannot under the law say that the punishment imposed is excessive. For all the above and foregoing reasons the judgment and sentence is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.