Jack SOUTHARD, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12288.

Criminal Court of Appeals of Oklahoma.

May 16, 1956.

Robert J. Bell, Charles B. Tucker, McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The plaintiff in error, Jack Southard, hereinafter referred to as defendant, was charged in the county court of Pittsburg County with the offense of unlawful possession of intoxicating liquor, was tried before the court, a jury being waived, and found guilty and his punishment fixed at thirty days confinement in the county jail and a fine of $100, and costs.

Three propositions are advanced for reversal: (1) That the trial court committed error in overruling the motion to quash the warrant of arrest on the ground that the information was unverified; (2) That the affidavit for search warrant was insufficient and that defendant's motion to suppress the evidence should have been sustained; and

(3) That the evidence was wholly insufficient to support a verdict of guilty.

 Considering the first proposition. From the record it appears that Dee Sanders, Sheriff of Pittsburg County, signed the information but that it was not verified. By statutory provision it is required that in a misdemeanor case the information must be verified. 22 O.S.1951, § 303; Lloyd v. State, 42 Okl.Cr. 163, 274 P. 901. However, the proper procedure to raise the question of verification is by motion to quash or set aside the information. The reasons supporting the rule may be found by an examination of Roberts v. State, 72 Okl.Cr. 384, 115 P.2d 270, and In re Talley, 4 Okl.Cr. 398, 410, 112 P. 36, 31 L.R.A.,N.S., 805. We do not find where any motion or other pleading was filed to vacate or set aside the information or warrant of arrest on the ground that the information was unverified. The question was not specifically raised in motion for new trial, but is raised for the first time on appeal. This comes too late. Willis v. State, 64 Okl.Cr. 213, 78 P.2d 840.

 We do not find merit in the third proposition to the effect that the evidence was wholly insufficient to support a verdict of guilty. The officers found 24 pints of bonded whiskey in a secret compartment in defendant's bath room. It is true that defendant testified, and swore that he had the liquor in question for his own personal use, and that he did not have it for sale or to give away, but all such matters were for the consideration of the jury, or in this case the court, in determining the ultimate facts. We shall not go into this further, as the proposition raised has too often been passed on in cases with similar fact situations and contrary to the contentions now advanced.

Defendant's second proposition, that the court erred in overruling his motion to suppress the evidence, presents a close and serious question. It was raised by motion filed on September 9, 1955 and heard and overruled on October 20, 1955, prior to trial on November 8, 1955. At trial defendant objected to the introduction of evidence on account of the asserted illegal search and seizure, based among other things, on the ground, as set out in the written motion, that the search warrant was void by reason of an insufficient affidavit for search warrant. A consideration of the written motion to suppress and the evidence in support thereof will dispose of this case.

The record discloses that the evidence tending to support the charge for which defendant was tried was obtained by a search warrant issued upon an affidavit, contended by defendant to have been strictly upon information and belief, and not in positive terms.

 As a prelude to an analysis of the affidavit, some basic principles should be reviewed. It should be kept in mind that in a long line of cases this court has held that where an affidavit to procure a search warrant is in positive terms, one will not be permitted to go behind the affidavit and show that the officers did not have sufficient knowledge of the charges alleged in the affidavit. Rausch v. State, 65 Okl.Cr. 52, 82 P.2d 687; Griffin v. State, 95 Okl.Cr. 421, 246 P.2d 424, and a long list of cases cited; Bryson v. State, 96 Okl.Cr. 49, 248 P.2d 253; Crossland v. State, Okl.Cr., 266 P.2d 649; Addington v. State, Okl.Cr., 268 P.2d 912.

 The above rule came about for the reason that an examining magistrate has been recognized as something more than an automaton. It is his duty to examine the affidavit presented to see whether or not it fulfills the requirements of the law, and not only that, to determine that the person presenting the affidavit knows its contents and wants to and does swear to the same. It is a solemn instrument, not to be lightly made, because it is the key that opens the citizen's door to the officers to search his home, or his place of business for evidence of the crime that may be charged. It is the vehicle provided by the Constitution that permits the invasion of the citizen's privacy. Therefore we have said that the affidavit and search warrant should be strictly construed, Linthicum v. State, 66 Okl.Cr. 327, 92 P.2d 381; Mayberry v. State, 62 Okl.Cr. 183, 70 P.2d 1106;

Mason v. State, 63 Okl.Cr. 153, 73 P.2d 468; Edwards v. State, 95 Okl.Cr. 37, 239 P.2d 434; though a technical construction should not be placed thereon which destroys the true meaning. Shiever v. State, 94 Okl.Cr. 37, 230 P.2d 282.

■ It is well known that many county attorneys, recognizing the great difficulty officers and magistrates have had in preparing affidavits for search warrants that would fulfill the requirements of the law, have prepared printed forms to meet varied situations, where the affiant could mark or strike out such allegations as not applicable to the case at hand, and there are usually blanks for the setting out of additional facts peculiar to the particular case. It is imperative, if the affidavit is to mean anything, that the allegations not applicable and that can not truthfully be sworn to be stricken. This practice, of using printed forms, has been approved in many cases where we have said that the fact that an affidavit for a search warrant is in the main based upon allegations in a printed form, does not invalidate a warrant based thereon if there are sufficient evidentiary facts set out in the affidavit to justify the magistrate in concluding that there was probable cause for issuing the warrant. Griffin v. State, supra; Addington v. State, supra. But this does not give license to a complainant to indiscriminately affix his signature to an affidavit for search warrant and demand the signature of the magistrate to a search warrant without reading the form or being questioned by the magistrate concerning the contents.

We should also keep in mind the certain constitutional and statutory provisions. The Bill of Rights, O.S.1951 Const. Art. II, § 30, reads as follows:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized."

Title 22 O.S.1951 § 1223 provides:

"A search warrant shall not be issued except upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and place to be searched."

Section 1224 of the same Title provides:

"The magistrate must, before issuing the warrant, take, on oath, the complaint of the prosecuting witness in writing, which must set forth the facts tending to establish the grounds of the application, or probable cause for believing that they exist."

Section 1222 of the same Title sets out three grounds for obtaining a search warrant, the third being:

"Third. When it is in the possession of any person, with the intent to use it as a means of committing a public offense, or in the possession of another to whom he may have delivered it for the purpose of concealing it or preventing its being discovered, * * *."

Title 37 O.S.1951 § 88, provides:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

Section 84 of the same Title provides, in part:

"If it shall be made to appear to any judge of any court of record or any justice of the peace that there is probable cause to believe that liquor, the sale of which is prohibited by this act, is being manufactured, sold, bartered, given away, or otherwise furnished, or is being kept for the purpose of being sold, bartered, given away, or otherwise furnished in violation of this act, such judge or magistrate shall, with or without any endorsement of such complaint by the county attorney, issue a warrant, directed to any peace officer in the county, whom the complainant may designate, commanding him to

search the premises described and designated in such complaint and warrant and to seize all such liquor there found, * * *."

From the above we see, then in this case, that the first duty of the examining magistrate was to determine whether or not the complaining witness set out and detailed in his affidavit sufficient facts tending to establish probable cause. As said by Judge Bessey in Hannan v. State, 29 Okl. Cr. 203, 207, 233 P. 249, 250:

"The finding of probable cause is a judicial function, to be exercised by a magistrate alone, and it cannot be delegated to the maker of the affidavit. To permit the party making the affidavit to deal in conclusions or ultimate facts, instead of requiring the facts to be stated, by virtue of which the conclusion or ultimate fact is found, is in fact delegating a judicial function to the affiant and substituting the affiant for the magistrate, leaving the latter a mere automaton, and his duties purely perfunctory. The statements set forth in the affidavit must be of facts and of the nature and concerning things which would make the same statement competent as evidence in court, as tending to prove the same ultimate facts."

So we consider the affidavit in question.

In the first paragraph the affiant alleges: "[That he] has probable cause to believe and affiant does believe that intoxicating liquor is being manufactured, sold," etc., by Jack Southard on certain premises described. The kind of intoxicating liquor is not described or designated.

Thus far no facts have been set out. The allegation is on information and belief, a mere indefinite conclusion.

Continuing it is said, "That said premises are not occupied as a residence", and then follows a contradictory allegation: "That said premises are occupied as a residence and a part or all of said residence is used as a store, shop, hotel, boarding house or place of storage and said residence is a place of public resort."

We would probably be justified in concluding that the premises in question constituted a residence by reason of the detailing of the additional uses the residence was put to. Although there is merit in the argument of counsel that the allegations in question negate each the other. A comparable principle is involved where the State would depend for conviction upon evidence coming wholly from the testimony of two witnesses of equal credibility, one testifying to the guilt, and the other to defendant's innocence, and where convictions under such circumstances have been reversed. Clark v. State, 65 Okl.Cr. 56, 82 P.2d 844, Brady v. State, 91 Okl.Cr. 367, 219 P.2d 267.

At all events it is apparent that the affiant did not personally know that this home of the defendant was a place of public resort, or was used as a store, shop, hotel, etc.

Affiant states, "That the probable cause of affiant's belief as above set forth is based on *the following facts* which your affiant personally knows to be true: That Jack Southard has the general reputation as being a person who deals in intoxicating liquors." This of course would be hearsay and not a sufficient charge or statement of fact of affiant upon which to base a search warrant to search the home of defendant for possession of intoxicating liquors. Then follows the allegation "that said premises, is known as being a place where intoxicating liquors are bartered, sold and otherwise disposed of". This is likewise a hearsay statement. Then the nearest affiant gets to setting out something that he has personal knowledge of is the conclusion "and that affiant knows that intoxicating liquors are stored on said premises."

While the conclusion is positive to the effect that affiant knows something, as stated, the facts on which such knowledge is predicated are not set out. It would appear that affiant's knowledge was based strictly on hearsay. Did he see whiskey, smell whiskey, hear the accused say that he had whiskey, did he see people going in the home sober and come out staggering and boisterous; did he see people coming from said home with lugs or whiskey bottles; did he see any of such persons drink from a whiskey bottle on leaving the home?

And as argued by counsel, in the absence of some facts in support, "The statement that liquors are stored on the premises in violation of law is a mere legal conclusion to be determined by the court and jury."

An early and well considered case holding that a search warrant must not be issued except upon a showing of probable cause, supported by oath or affirmation, which must set forth the facts tending to establish probable cause, and further holding that an affidavit stating mere conclusions, or made on belief without stating the facts, is insufficient, and that a search warrant based upon such a showing is void, is that of Gore v. State, 1923, 24 Okl.Cr. 394, 218 P. 545; 24 A.L.R. 1421. Judge Bessey prepared the opinion for the court, and the affidavit in that case clearly violated the above rule.

▮ Then came Hannan v. State, 1925, supra, reiterating that it is insufficient for the issuance of a search warrant that an affiant or deponent shall swear, ever so positively, to the conclusion that liquor is stored or kept in violation of law in a described building, without affirmatively stating the facts upon which this knowledge is founded.

▮ And it was further held that the facts stated in an affidavit for a search warrant should be of such nature and kind as might be competent for the consideration of a jury in a prosecution for possession of liquor in violation of law; that the facts stated should be indicative of an illegal purpose, as well as of possession.

Kirk v. State, 30 Okl.Cr. 198, 235 P. 624 is a case where the affidavit for search warrant was similar to the affidavit in the Hannan case. See also Reutlinger v. State, 29 Okl.Cr. 290, 234 P. 224.

Then came Smith v. State, 1925, 30 Okl. Cr. 144, 235 P. 273 (cited in 162 A.L.R. 1414), where the affidavit for search warrant was by this court in an opinion of Judge Bessey held sufficient. It was stated

plied, in view of the fact that one is that the court was not receding from the conclusions reached in the Hannan case; that the affidavit in the Smith case was in the twilight zone, but was considered sufficient to form the basis for a search warrant. It was pointed out that whether an affidavit for a search warrant states evidential facts or mere conclusions is sometimes difficult to determine. It is notable that neither of the affidavits was made upon information or belief or hearsay, or contains contradictory allegations, which are among the distinguishing features as applied to the affidavit herein considered. See McCarthy v. State, 86 Okl. Cr. 51, 189 P.2d 436, approving the Smith case. The allegations were in positive terms.

As stated in Wagner v. State, 68 Okl.Cr. 447, 99 P.2d 161, 162:

"A search warrant issued on affidavit made on information and belief, and without stating facts showing probable cause, is illegal."

See cases cited in opinion, and also Yeargain v. State, 67 Okl.Cr. 262, 93 P.2d 1104 (in which the case of Ray v. State, 43 Okl.Cr. 1, 276 P. 785 was overruled).

And see Wagner v. State, 72 Okl.Cr. 393, 117 P.2d 162, 163, wherein Judge Barefoot reviews the authorities on the subject, and where it is held:

"An affidavit for the procurement of a search warrant should not be based upon information and belief, but should state facts upon which the same is based; but when facts are stated in the affidavit, and the same are positive, and by one who has a right to know the facts, it is sufficient ground for the magistrate to issue the warrant."

In the opinion the court criticizes the case of Davis v. State, 65 Okl.Cr. 306, 86 P.2d 65 (said by the court to have been in fact overruled, though not specifically mentioned, in Hays v. State, 71 Okl.Cr. 62, 108 P.2d 186).[1]

1. While the application of the law to the affidavit in the case of Davis v. State, supra [65 Okl.Cr. 306, 86 P.2d 68], has in effect now been held erroneously applied, not allowed to challenge the truthfulness of an affidavit filed as a basis of search and seizure, the reasoning of

We approve the language of Judge Barefoot in the Wagner case, where it is said:

"If a public officer makes a sworn affidavit that a place which is particularly described and the name of the owner of the place of business or of the residence is a place of public resort and that intoxicating liquor is stored on said premises and that liquor is being sold on said premises in violation of law, and that people congregate at said described place for the purpose of drinking and consuming liquors or purchasing the same in violation of law, and that the premises has the reputation of being such a place as above outlined, and that the named party has the reputation in the community in which he resides as being a person who deals in the unlawful sale of intoxicating liquor, we cannot see why it would be error for the magistrate to issue the search warrant upon the filing of such positive affidavit by the officer. We fail to see how it can be argued that these statements are made upon information and belief because in the first paragraph of the affidavit it is stated that the party making the same 'has reason to believe and does believe.' The very facts which he states in the subsequent paragraph are such that give him the right to so believe. If these statements are untrue, he may be held accountable in the manner provided by law. In other words, a search warrant based upon a positive affidavit by one who knows the facts and by reason of his position and experience has a right to know the facts should not be set aside and held illegal upon a mere technicality and a surmise that he does not know the facts which he states in the affidavit as true. This court has often held that where the statement made in the affidavit for search warrant is positive in its terms one will not be permitted in the trial of the case to contest the truth of its terms."

In Hays v. State, 71 Okl.Cr. 62, 108 P.2d 186, it is said by Jones, J.:

"It is contended by the defendant that the affidavit was made on information and belief. Such statement is unquestionably correct as applied to the first paragraph in which are set forth the ultimate facts, the present and existing guilt of the defendant and the situation in which the affiant believes to exist and to be revealed upon the issuance of a search warrant and the making of the search. The remainder of the affidavit, however, is not made upon information and belief. It is a positive statement under oath of the facts which constitute the basis of the conclusions stated in the first paragraph. It is entirely distinct from the first paragraph, and its allegations are not limited by any reference to the information and belief."

Judge Davenport in the Davis case, in the opinion of the writer, should not be discounted. There it was said:

"If the affiant in this case had made a positive statement charging the defendant with the violation of the prohibitory liquor laws, which proved to be false, then the defendant would have some recourse against the party making the affidavit, where the affidavit states a mere naked belief that he believes the person is a thief, bootlegger or counterfeiter, or that he has intoxicating liquors in his possession for the purpose of bartering, selling, giving away or otherwise furnishing, without giving any reason for such belief, his belief would not be susceptible of proof. If the complaining witness is unable to state some facts supporting his belief he should refrain from making the affidavit. The lawmakers of our state wisely enacted provisions of the law necessary to search the home when a person is thought to be violating the law, and this procedure should be strictly followed. If a party is permitted to make an affidavit on information and belief without any knowledge of a violation, it would permit the home and privacy of innocent people to be searched without a remedy, because the making of an affidavit that states only information and belief amounts to no more than a mere suspicion, and a party making the affidavit cannot be prosecuted for perjury. It is impossible to disprove what a witness states he believes."

The affidavit in question is not set out in the opinion, but we have examined the record in that case, and here quote the pertinent portions of the affidavit:

"Mason Hart, of lawful age, being first duly sworn, on oath states that there is probable cause to believe that the laws relating to intoxicating liquor are being violated, and that malt, spirituous, vinous and fermented liquors are being unlawfully stored, kept for sale and are being sold in and on the following described property and premises in Garfield, County, Oklahoma, to-wit: * * *"

then follows the description.

And as grounds for said belief affiant says:

"That said described property and premises is a place of public resort and has the reputation as being a place where the laws relating to intoxicating liquors are being violated.

"That affiant has been watching said property and premises recently and has seen persons and/or automobiles going to and from said property and premises at unusual hours of the day and night.

"That affiant has recently seen persons going to and from said property and premises whose reputations are that they are engaged in the illicit liquor traffic.

"That affiant has recently seen persons going to and from said property and premises whose reputations are that they are frequent users of illicit and contraband intoxicating liquor. * * *"

The State cites the case of Lardi v. State, Okl.Cr.1954, 274 P.2d 409, as being conclusive of the issues in the within case. That appeal was from the county court of Pittsburg County. It is said that the affidavit was on a printed form similar to the one in the within case, and a copy of the complete affidavit is attached to the State's brief and may be found on pages 6 and 7 of the record in the Lardi case on file in the office of the clerk of this court.

As argued by counsel for defendant, the main issue in the Lardi case was one of the description of the premises. But it is noted that in the Lardi case it is positively stated in the affidavit that the residence was a place of illegal storage, and a place of public resort, not that it "is known" as such a place. There is another vital difference also, as in the Lardi affidavit evidentiary facts are set out to support the conclusion, in that it is there alleged positively that "large numbers of known users of intoxicating liquors may be seen going into and coming out from said premises at almost any time of the day or night, that persons have been seen coming from said premises in a drunken state of intoxication and affiant knows of his own knowledge that at the present time intoxicating liquors are stored on said premises * * *." This was interpreted by this court as meaning that affiant of his own personal knowledge knew to be true the facts set out as supporting his positive statement that intoxicating liquors were stored on the Lardi premises. The vital requirement is that the statement be positive and of facts within the knowledge of affiant, as in the Hays case above, not what some other person might be able to swear to.

We conclude that the affidavit for search warrant in the within case was based upon information, and belief, and hearsay, and contradictions, and nothing was alleged by affiant that would have been admissible should he have attempted to testify on trial, if his knowledge was so limited.

The motion to suppress should have been sustained, and the case must, therefore, be and the same is reversed.

BRETT, J., concurs.