**R. Q. SIKES, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12524.**

Criminal Court of Appeals of Oklahoma.

March 12, 1958.

Hart & Burger, Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, R. Q. Sikes, hereinafter referred to as the defendant, was charged by information in the county court of Garvin County with the crime of illegal possession of intoxicating liquor, was tried before a jury, found guilty and sentenced to 30 days in the county jail and to pay a fine of $50.

The evidence discloses that officers armed with a search warrant raided the defendant's home and found four half-pints and approximately one-fourth pint of tax paid whisky.

Several assignments of error are presented by defendant, only one of which will be discussed herein.

The defendant contends that the trial court erred in overruling defendant's motion to suppress the evidence because of the insufficiency of the affidavit to obtain the warrant. Defendant claims that the allegations in the affidavit were not based upon the personal knowledge of affiant, were mere conclusions of law, and not sufficient to justify the issuance of a warrant.

The affidavit stated as follows:

"* * * Tom Abney of lawful age, being first duly sworn on oath deposes and says: That in Garvin County, State of Oklahoma, on the 1st day of February, 1957, the above named defendant R. Q. Sikes in certain buildings and premises described as follows: at his place of residence, to-wit: buildings, houses, outhouses, all cars thereon and appurtenances thereunto belonging located on the following described premises, to-wit: South 70 feet, Lot 3, Block 261, in the City of Wynnewood, Garvin County, State of Oklahoma; the same being in part a private residence, and that which is a private residence, the same is a place of public resort in Garvin County, Oklahoma, did then and there, unlawfully and wilfully have in his possession and under his

control and did then and there keep and does now have in his possession and under his control, and does now keep for the purpose of selling, bartering, giving away, and otherwise furnishing certain intoxicating liquors described as follows, to-wit: whiskey, wine, gin, alcohol and other alcoholic beverages. And affiant further says that defendant as aforesaid, at said place and in said building is now bartering, selling, and giving away intoxicating liquors, to-wit: whiskey, beer and wine and other compounds, the same being intoxicating, and which are capable of being used as a beverage, in violation of law, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma."

This does not present a new question to this court, but does afford it the opportunity to further clarify the matter and strengthen former opinions germane to the issue.

In bringing this question of law up to date, Judge Powell wrote a very thorough opinion as to the requirements necessary to obtain a search warrant. This opinion is to be found in the case of Southard v. State, Okl.Cr., 297 P.2d 585. It is useless to go beyond this decision in ascertaining the sufficiency of an affidavit.

In the instant case the defendant's residence was the target of the search. Our statutes prohibit the issuance of a warrant to search of a private residence. There is, however, a reservation as related in Title 37 O.S.1951 § 88, which provides:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of it, is used as a store, shop, hotel, boarding house, or place for storage, or unless such residence is a place of public resort."

■ It is to be noted that to justify the issuance of a warrant in this case the affiant makes the following statement in the affidavit to procure the warrant:

" * * * the same in part a private residence, and that which is a private residence, the same is a place of public resort."

No further elaborations upon this statement is made. It is conspicuous that no facts are recited to justify this statement. In the absence of evidential facts upon which the statement is founded, it can only serve as a mere conclusion. Our constitution, Art. II, § 30, specifically prohibits the issuance of a warrant except upon probable cause by oath or affirmation. Our statutes provide the magistrate with the authority to issue warrants in compliance with the provisions of our Bill of Rights.

This court said in the Southard case, supra, 297 P.2d at page 588:

"It is his duty to examine the affidavit presented to see whether or not it fulfills the requirements of the law, and not only that, to determine that the person presenting the affidavit knows its contents and wants to and does swear to the same. It is a solemn instrument, not to be lightly made, because it is the key that opens the citizen's door to the officers to search his home, or his place of business for evidence of the crime that may be charged. It is the vehicle provided by the Constitution that permits the invasion of the citizen's privacy. Therefore we have said that the affidavit and search warrant should be strictly construed."

■ The question herein presented is whether or not the statement that "Defendant's residence was a place of public resort" was sufficient to justify a warrant for the search of defendant's residence. Is it necessary to recite facts upon which the statement is based? In determining whether or not probable cause was established, the court has heretofore said in Hannan v. State, 29 Okl.Cr. 203, 233 P. 249, 250:

"The finding of probable cause is a judicial function, to be exercised by a magistrate alone, and it cannot be delegated to the maker of the affidavit. To permit the party making the affidavit to deal in conclusions or ultimate facts, instead of requiring the facts to

be stated, by virtue of which the conclusion or ultimate fact is found, is in fact delegating a judicial function to the affiant and substituting the affiant for the magistrate, leaving the latter a mere automation, and his duties purely perfunctory. The statements set forth in the affidavit must be of facts and of the nature and concerning things which would make the same statement competent as evidence in court, as tending to prove the same ultimate facts."

It is readily observed in the case at bar that the affidavit is completely void of any statement of facts showing probable cause. This court has said in numerous opinions that:

"A search warrant issued on affidavit made on information and belief, and without stating facts showing probable cause is illegal."

See Wagner v. State, 68 Okl.Cr. 447, 99 P.2d 161, 162; also, Yeargain v. State, 67 Okl.Cr. 262, 93 P.2d 1104.

The Southard case, supra, quotes with approval Wagner v. State, 72 Okl.Cr. 393, 117 P.2d 162, wherein Judge Barefoot reviews the authorities on the subject in the following language:

"An affidavit for the procurement of a search warrant should not be based upon information and belief, but should state facts upon which the same is based; but when facts are stated in the affidavit, and the same are positive, and by one who has a right to know the facts, it is sufficient ground for the magistrate to issue the warrant."

Judge Bessey elaborates on this issue in an able manner in the case of Baker v. State, 28 Okl.Cr. 408, 414, 231 P. 320, 322, wherein he stated:

"If a complaining witness is unable to state some facts to support his belief, he should refrain from making the affidavit. If the rule were otherwise, it would permit the homes and privacy of innocent people to be invaded without affording any remedy."

The requirements necessary to comply with probable cause have been recited by Judge Barefoot in the Wagner case, supra, and quoted with approval in the Southard case where it said:

"If a public officer makes a sworn affidavit that a place which is particularly described and the name of the owner of the place of business or of the residence is a place of public resort and that intoxicating liquor is stored on said premises and that liquor is being sold on said premises in violation of law, and that people congregate at said described place for the purpose of drinking and consuming liquors or purchasing the same in violation of law, and that the premises has the reputation of being such a place as above outlined, and that the named party has the reputation in the community in which he resides as being a person who deals in the unlawful sale of intoxicating liquor, we cannot see why it would be error for the magistrate to issue the search warrant upon the filing of such positive affidavit by the officer. * * *"

A good example of an affidavit alleging a private residence to be a place of public resort is to be found in Lardi v. State, Okl.Cr., 274 P.2d 409, where evidentiary facts are set out to support affiant's conclusion, in that it is alleged positively as follows:

"Large numbers of known users of intoxicating liquor may be seen going into and coming out from said premises at almost anytime of day or night, that persons have been seen coming from said premises in a drunken state of intoxication and affiant knows of his own knowledge that at the present time intoxicating liquors are stored on said premises."

The affidavit in the Lardi case was held sufficient and interpreted by this court as bringing the allegations within the personal knowledge of affiant and that he knew to be true the facts set out supporting his positive statement.

In the case before us, there was expressed none other than a conclusion entirely void of support by evidentiary facts.

The affidavit is silent as to the grounds upon which the conclusion was based. The vital requirement, facts within affiant's knowledge, was completely missing. To uphold such an affidavit, as being sufficient to justify the issuance of a warrant for search of a private residence, would reflect utter disregard for the constitution and statutes of this state. It is the opinion of this court that the motion to suppress should have been sustained and the case is accordingly reversed.

BRETT, P. J., and POWELL, J., concur.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.